HARRISON *v.* INTERSTATE BUSINESS MEN'S ACCIDENT
ASSOCIATION OF DES MOINES, IOWA.

Opinion delivered March 18, 1918.

1. INSURANCE—INTERPRETATION OF POLICY.—Policies of insurance are to be liberally interpreted, and conditions therein must be construed strictly against those for whose benefit they are reserved.

2. INSURANCE—"ACCIDENTAL" MEANS.—If an injury occurs without the agency of the insured, it will be held to be "accidental," even though it may be brought about designedly by another person.

3. ACCIDENT INSURANCE—INJURY BY ACCIDENTAL MEANS.—Plaintiff brought an action upon an accident insurance policy and alleged "that the means by which he suffered the complete loss of his testicles and bag were external, violent and accidental, but to him unknown; that he believes they were severed with a sharp instrument;" to this the defendant insurance company interposed a demurrer. *Held*, the trial court erred in sustaining the demurrer.

4. ACCIDENT INSURANCE—BREACH OF CONDITION—BURDEN OF PROOF.— In an action on an accident policy the burden is upon the insured to show that the injury or death was caused by a breach of a condition of the policy.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*O. H. Sumpter,* for appellant.

The complaint and amendment stated a good cause of action and it was error to sustain the demurrer. If there were any defects in the complaint they were waived. The injury falls within the definition of "accidental," external and violent. Kirby's Dig., § § 6093-4; 14 R. C. L., § 418, pp. 1238-9; 8 Ark. 74; 44 *Id.* 205; 43 *Id.*

230; 104 *Id.* 79; 92 *Id.* 297; 14 R. C. L. 1433; 1 C. J. 489, § 240; 89 Cal. 170; 23 Am. St. 455; 97 Ark. 508; 77 *Id.* 1; 60 *Id.* 70; 1 C. J., § 337, p. 508, and many others.

*Cobb & Cobb,* for appellee.

The complaint stated no cause of action and the demurrer was properly sustained. The authorities cited by appellant are not in point. The injury was not accidental, and plaintiff purposely concealed the facts. The act was deliberate and intentional and not accidental within the terms of the contract.

### STATEMENT OF FACTS.

B. F. Harrison sued the Interstate Business Men's Accident Association of Des Moines, Iowa, to recover on an accident isurance policy issued to him by said company.

The complaint alleges that by the terms of the policy he was insured on account of bodily injuries sustained by him while he was engaged in the occupational duties specified in his application, or while engaged in ordinary duties about his residence, or in recreation, effected directly and independently of any other contributing, concurring or intervening cause, by external, violent or accidental means. His complaint further alleges the following:

"On the 15th day of December, 1916, after the execution of said policy and while it was in full force and effect, the plaintiff, while asleep in bed at his home, number 108 Spencer Street, Hot Springs, Arkansas, by some means unknown to plaintiff, but which he says was external, violent and accidental, he suffered the complete loss of his testicles and bag, whereby he was wholly and totally disabled for the period of eight (8) weeks from prosecuting and engaging in all of his occupational duties and for five (5) weeks from engaging in some of his occupational duties."

It also alleges that the insured gave the company due notice of his injury in accordance with the terms of the

policy and demanded payment under it, which was refused by the company.  The defendant filed a motion to require the plaintiff to make his complaint more definite and certain.  The plaintiff amended his complaint by inserting the following:

"That the means by which he suffered the complete loss of his testicles and bag were external, violent and accidental, but to him unknown; that he believes they were severed with a sharp instrument."

The defendant filed a demurrer to the complaint which was sustained by the court and the plaintiff refusing to plead further, his complaint was dismissed. From the judgment rendered the plaintiff has appealed.

HART, J., (after stating the facts).  In sustaining the demurrer the court seems to have proceeded upon the theory that from the allegations of the complaint that the person inflicting the injury must have intended to do it and that it was not therefore "accidental" within the legal meaning of that word as used in the policy. This is not the law.

In *Maloney* v. *The Maryland Casualty Co.*, 113 Ark. 174, the court held that if an injury occurs without the agency of the insured, it will be held to be "accidental," even though it may be brought about designedly by another person.  Other authorities holding that death or injury by "accidental" means death or injury from any unexpected event which proceeds from an unknown and unforeseen cause, happening without the design of the person acted upon, are *Lovelace* v. *Traveler's Protective Association*, 126 Mo. 104, 30 L. R. A. 209, 47 Am. St. Rep. 638; *Richards* v. *Traveler's Insurance Co.*, 89 Cal. 170, 23 Am. St. Rep. 455; *Paul* v. *Traveler's Insurance Co.*, 112 N. Y. 472, 8 Am. St. Rep. 758, and *Button* v. *American Mutual Accident Association*, 92 Wis. 33, 53 Am. St. Rep. 900. This is in the application of the rule that policies of insurance are to be liberally interpreted, and conditions therein must be construed strictly against those for whose benefit they are reserved.  So far as the

allegations of the complaint are concerned, the injury was ''accidental'' within the legal meaning of that term as used in accident insurance policies. The demurrer admits the allegations of the complaint to be true, and there are no allegations in the complaint from which it could be legally inferred that the injury was inflicted upon the person of the plaintiff with his knowledge, much less by design on his part. Conceding the allegations of the complaint to be true, it is probable, or at least possible, that a third person approached the insured while he was asleep, chloroformed him and inflicted the injuries on him while he was in an unconscious condition.

Sometimes accident insurance policies contain a provision that the policy shall not extend to injuries or death resulting from intentional injuries inflicted by the insured or by any other person. The fact that the injury or death did not result from such exceptions need not be negatived in the complaint but is a matter of affirmative defense and must be averred by the insurer. The burden is upon the company to show that the injury or death was caused by a breach of this condition. *Ætna Life Insurance Co.* v. *Taylor,* 128 Ark. 155.

It follows that the court erred in sustaining the demurrer to the complaint and for that error the judgment must be reversed and the cause remanded for a new trial.