## AETNA LIFE INSURANCE COMPANY v. WEPFER.

### Opinion delivered April 1, 1918.

1. ACCIDENT INSURANCE—EXCEPTIONS—BURDEN OF PROOF—DEATH.—In an action on an accident insurance policy, where the insured was killed, the burden of proof is on the defendant to bring itself within the exceptions set forth in the policy by showing that the death resulted from suicide and not from the homicidal act of a third person.

2. ACCIDENT INSURANCE—DEATH—ACCIDENT.—The evidence held to warrant a finding that deceased met his death by means other than suicide.

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*Coleman & Lewis*, for appellant.

The verdict is against the evidence. The great preponderance shows a case of suicide and not of external, violent and accidental injury. The case falls squarely within the rule in 95 Ark. 456. It is entirely different from 128 Ark. 155. See also, DeCosta Modern Surgery, 1914. All the physical facts point to suicide conclusively.

*W. P. Feazel*, for appellee.

The verdict is supported by the evidence. The presumption is against suicide and the jury found against that theory. 131 Ark. 419; 25 Ark. 474. The verdict should not be disturbed. 31 *Id*. 163; 22 *Id*. 213; 17 *Id*. 498; 46 *Id*. 141; 94 *Id*. 575.

McCULLOCH, C. J. This is an action on a policy of insurance against death or other bodily injury "effected through external, violent and accidental means." There was a judgment below in favor of the

plaintiff, upon the verdict of the trial jury, and the defendant has appealed.

The only defense tendered by the answer was that the deceased came to his death by his own suicidal act. The dead body of William Wepfer, the party named in the policy, was found in his room at a boarding house in a small town in Arkansas with a bullet wound through the body extending from a point a little above the left nipple to a point in the back about six inches lower than the point of the wound in the breast. The bullet passed through deceased's heart. No one was present when the shot was fired, and there is no direct testimony as to the identity of the person who fired the shot, whether the deceased himself, or by some other person, but there was testimony adduced from the respective sides to the controversy bearing on the question whether the wound was self-inflicted or inflicted by some third party. The jury returned a general verdict in favor of the plaintiff, and also answered the two interrogatories propounded to the effect that death resulted from homicide, and not from the suicidal act of deceased himself.

(1-2)  We are of the opinion that the testimony was sufficient to warrant a submission to the jury of the question of the cause of death, and that the verdict in plaintiff's favor on that issue is supported by legally sufficient testimony. The burden of proof was on the defendant to bring itself within the exceptions set forth in the policy by showing that the death resulted from suicide and not from the homicidal act of a third person. *Aetna Life Ins. Co.* v. *Taylor,* 128 Ark. 155; *Harrison* v. *Interstate Business Men's Accident Association,* 133 Ark. 163.

There are many circumstances in the case tending to support both theories advanced as to the cause of Wepfer's death. It was proved on the one hand that he was of a jovial, optimistic disposition, and for that reason it was not probable that he would commit suicide, and on the other hand it was shown that he had been recently

discharged from a position of trust and profit which he had occupied for many years as manager of a large milling concern. There was testimony that he became somewhat dissipated in his habits, but that he was cheerful over the loss of his position and not only congratulated himself in conversation with friends that he had accumulated sufficient property to support himself and family through life, but also expected very soon to obtain other remunerative employment. There was a controversy also in the testimony as to how the wound was inflicted, whether from the front or from the rear. Testimony adduced by defendant tended to show that there was a powder burn in the front of the body and that the shot must have been fired from the front. The plaintiff introduced testimony tending to show that the entrance of the bullet was in the back and the exit in the front, and that there were no powder burns on the body. There are many other circumstances established by the evidence tending to support the respective theories, but we deem it unnecessary to set them out in detail. We are not concerned with the weight of the evidence, but only with its legal sufficiency, and we find that there was enough testimony of substantial weight to support the verdict.

No other question being raised on the appeal, the judgment must be affirmed, and it is so ordered.