HENRY *v.* KNIGHTS AND DAUGHTERS OF TABOR.

Opinions delivered December 4, 1922.

1. INSURANCE—MURDER OF INSURED BY BENEFICIARY.—Where the beneficiary of a benefit certificate of insurance wilfully murdered the insured, he cannot collect the insurance.

2. PLEADING—SUFFICIENCY ON DEMURRER.—In determining the sufficiency of a complaint on demurrer, not only its express allegations but all inferences fairly deducible therefrom must be considered.

3. PLEADING—SUFFICIENCY ON DEMURRER.—Where a complaint on a fraternal insurance policy alleged that plaintiffs were the "sole heirs at law" of the insured, on demurrer it is presumed that one's sole heirs at law had an insurable interest in the insured's life, as defined by Crawford & Moses' Dig., § 6074.

4. INSURANCE—MURDER OF INSURED BY BENEFICIARY.—Where the beneficiary of an insurance policy wilfully murdered the insured, the policy is payable to the insured's estate.

5. DESCENT AND DISTRIBUTION—RIGHT OF HEIRS TO SUE ON POLICY.—Where a policy of insurance is payable to the estate of the insured, the heirs at law may bring an action on the policy, on showing that there were no debts.

6. QUESTIONS RAISED BY DEMURRER.—While a demurrer does not raise the question of defect of parties, it does raise the question of the right to sue, that is, that the proper parties have not sued.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*J. R. Booker,* for appellant.

1. A beneficiary who wilfully takes the life of the insured cannot recover under the policy. 98 Ark. 132. The death of the insured in such case, classes as an excepted risk, as a matter of public policy. 4 Cooley's Briefs on Insurance, 3153, and cases cited.

2. The liability of the insurer is not terminated by the death of the insured at the hands of the beneficiary, but, in that case, the heirs at law may recover. 4 Cooley's Briefs, § 3154; 209 Ill. 277, 70 N. E. 567; 7 Cooley's Supplement, 3154, and cases; Vance on Insurance, 392; 7 Am. Law Rep. Ann. 828 and cases; 112 Iowa, 41; 135 Minn. 35; 29 Cyc. 156.

*Scipio A. Jones,* for appellee.

1.   While conceding that the wilful slaying of the insured by the beneficiary will forfeit the rights of the latter under the policy, it is denied that the heirs at law are entitled to recover in this case.   There is in this State a substantial difference between ordinary life insurance companies and fraternal benefit societies.   C. & M. Dig., § 6071.   In this action, it is essential to recovery that the complaint allege a breach of the contract.   There is no contract, and can be no breach.   Neither is there any allegation that the plaintiffs are within the class who may take as beneficiaries, as defined in the statute, C. & M. Dig., § 6074.   Therefore the complaint states no cause of action.

2.   The plaintiffs cannot recover.   A member has no property in the funds created by his contributions, but only a mere right to designate the ultimate beneficiary. If the member makes no designation, no one can do it for him, yet such designation is a condition precedent to the obligation of the society to pay.   Here the funds involved revert to the society.   87 Conn. 644; Ann. Cas. 1916-B, 181; 67 Neb. 233; 2 Am. & Eng. Ann Cas. 660; 94 N. Y. 580.   This case is ruled by the opinion in 135 Ark. 65.   See also 140 Ark. 318; 142 Ark. 142; 1 Bacon on Benefit Societies, 4th ed., 310; 62 N. E. 555; 10 Fed. 227; 44 Md. 429; 29 Cyc. 157-159; 202 Mass. 85.

SMITH, J.   This appeal is from a judgment of the court below, sustaining a demurrer to the complaint on the ground that it did not state a cause of action.

The allegations of the complaint are that the plaintiffs are the sole heirs at law of one Annie Porter, whose life was insured in the defendant insurance company for the sum of $300, payable upon her death to her husband, Robert Porter, and that the beneficiary had wilfully murdered the insured, thereby forfeiting his right to the proceeds of the insurance certificate, and defendant had, after demand so to do, failed to pay plaintiffs, as the in-

sured's next of kin, the amount of said policy or certificate.

The defendant insurance company admits that, under the allegations of the complaint, the beneficiary named is not entitled to collect the insurance.   This court so held in the case of *Metropolitan Life Ins. Co.* v. *Shane,* 98 Ark. 132.   But defendant contends that the heirs at law of the insured cannot recover because the certificate sued on was issued by a fraternal insurance company, and not by an old-line insurance company, and as authority for this insistence defendant cites § 6071, C. & M. Digest, which reads as follows:   "Except as herein provided, such societies (fraternal benefit societies) shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein."

It is also insisted that no recovery can be had because plaintiffs do not show that they are within any of the clauses of permissible beneficiaries of fraternal benefit societies defined in § 6074, C. & M. Digest; and it is finally insisted by the defendant that a member of the order has no right in the funds created by his payment of dues except to designate a beneficiary to whom the certificate shall be payable on the member's death, and that this designation must be made in the manner provided by the by-laws of the order, and only such beneficiaries can take as are designated properly pursuant to those by-laws, and that the plaintiffs are not so designated.

It is apparent that the complaint is defective, but no motion to make it more specific was filed, and, as we are considering its sufficiency on demurrer, we must consider not only its express allegations, but all inferences fairly deducible therefrom.

The complaint does allege that the plaintiffs are the "sole heirs at law" of the insured, and, while this

allegation should have been made specific, had a motion to that effect been filed, we would have to presume, by fair intendment, that one's "sole heirs at law" had an insurable interest in the life of the insured, even as limited by § 6074, C. & M. Digest.

The parties agree that, under the allegations of the complaint, the beneficiary named cannot collect the insurance. What becomes of it? This question was considered by the Court of Appeals of West Virginia in the case of *Johnson* v. *Metropolitan Life Ins. Co.*, 100 S. E. 865, and that court held that the rule of public policy which prevents the beneficiary in a policy of insurance who has murdered the insured from collecting the insurance will not be extended further than is necessary to prevent the felon from reaping benefit from his crime, and that the proceeds of such a policy are payable to the estate of the insured. This is a well considered case, and is extensively annotated in 7 Am. Law Reports, page 823. The annotator's note to the case reads as follows: "Subject to the limitations stated in the following subdivisions, it is generally held in cases involving both ordinary policies and benefit certificates that, although the beneficiary's right to recover under the insurance contract is forfeited by reason of the felonious killing of the insured by the beneficiary, the insurer is not thereby relieved of liability, but is liable to pay the proceeds of the contract to the insured's estate."

As sustaining the action of the court below, we are cited to the case of *Baker* v. *Mosaic Templars of America,* 135 Ark. 65, and some later cases following it, in which we held that the provision in the by-laws of a fraternal insurance order, that the death benefit would not be paid unless the insured had designated a beneficiary in the manner required by the by-laws, was valid and binding. Those cases, however, do not apply here, for the reason that there was a proper designation of a beneficiary, and this beneficiary could collect the benefit but for the fact that public policy forbids. In the circumstances

stated, the insurer is not absolved from payment, but is required to pay to the estate of the insured.

As we have said, the policy of insurance was payable to the estate of the insured, but the suit was not brought on behalf of the estate. It was brought by the sole heirs at law for their own benefit. There are conditions under which a suit may be maintained by the sole heirs at law upon a policy of insurance payable to one's estate. See *Metropolitan Life Ins. Co.* v. *Fitzgerald,* 137 Ark. 336. But the necessary showing is not made here, for there is no allegation that there are no debts, as appeared in the case just cited.

It is true that § 1190, C. & M. Digest, provides that a demurrer shall distinctly specify the grounds of objection to a complaint, and that, unless this is done, the demurrer shall be regarded as objecting only that the complaint does not state facts sufficient to constitute a cause of action; and we have such a demurrer here. We have held, however, that, while a demurrer does not raise the question of defect of parties, it does raise the question of the right to sue, that is, that proper parties have not sued. Such was the holding of this court in the cases of *Creamery Package Mfg. Co.* v. *Wilhite,* 149 Ark. 576, and *Deloney* v. *Dillard,* 152 Ark. 159.

So, here, the complaint does not contain the allegations necessary to give the heirs, as such, the right to sue, and the demurrer was therefore properly sustained.