MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION *v.*
TILLEY.

Opinion delivered March 5, 1928.

1. INSURANCE—RIGHT TO RECOVER UNDER ACCIDENT POLICY.—In an action by the administrator of insured to recover on an accident policy for the death of insured, shot by his wife, who was beneficiary under the policy, evidence *held* to sustain a finding in favor of the plaintiff on the theory that the wife unlawfully shot her husband, as against her contention that she shot in self-defense.

2. APPEAL AND ERROR—PRESUMPTION IN FAVOR OF VERDICT.—In an action by an administrator of insured to recover on an accident policy for insured's death, having been shot by his wife, who was beneficiary under the policy, where the court instructed that the

administrator could not recover unless the testimony showed that the killing was unlawful, it will be assumed, on appeal from a verdict for the administrator, that the jury found that the killing was unlawful.

3. Insurance—accidental killing.—In an action by the administrator of insured to recover on an accident policy for the insured's death, having been shot by his wife, who was beneficiary under the policy, where the jury found that the killing was intentional, but not justified, such killing was "accidental" within the policy providing for payment if insured died through accidental means.

4. Insurance—accidential killing.—In an action by the administrator of insured killed by the beneficiary to recover under a policy providing for payment if insured died through accidental means, no liability occurred under the policy unless the administrator showed that the killing of insured was accidental.

5. Insurance—necessity of proof of death.—Where the insurer denied liability under the policy to any one within the time when proof of death might have been made, it was not necessary to make such proof of death.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Strait & Strait,* for appellant.

*Edward Gordon,* for appellee.

Smith, J.  The appellant insurance company issued to James Richard Holder an accident policy in the sum of a thousand dollars, whereby it agreed to indemnify the insured against certain disabilities, and, in the event of his accidental death, to pay the wife of the insured the sum of a thousand dollars. The policy contained the following provision, among others: "If the insured shall, through accidental means, sustain bodily injuries as described in the insuring clause, which shall, independently and exclusively of disease and all other causes, immediately, continuously and wholly disable the insured from the date of the accident, and result in any of the following specific losses within thirteen weeks, the association will pay, in lieu of all other indemnity: * * * For loss of life, $1,000." Indemnities were also provided for certain disabilities which might not result in death.

The insured was shot and killed by his wife, the beneficiary, and she brought a suit, after the company

had denied all liability and waived the time within which
suit might be brought, and upon the trial of that action
there was a verdict and judgment in favor of the insur-
ance company. Thereafter the administrator of the
insured's estate brought a suit in the chancery court, in
which he sought to recover upon the policy, and to have
the proceeds thereof declared a trust fund. It appears
that, at the conclusion of this trial, when the chancellor
indicated that he would find for the defendant, the plain-
tiff administrator elected to take a nonsuit, and the cause
was then dismissed. Thereafter the administrator brought
the present suit for the benefit of the estate of the
insured, and alleged that the insured had been unlawfully
killed by the beneficiary named in the policy. There was
a verdict and judgment for the plaintiff for the amount
of the policy, with the statutory penalty and an allowance
for attorney's fees, and this appeal is from that judgment.

At the trial from which this appeal comes, witnesses
detailed the circumstances under which the deceased had
been killed, this testimony being to the effect that the
insured and his wife had quarreled; that she left his home
and went to that of her mother, to which place the insured
followed her, and that he there forcibly took from her
their baby and carried it back to their home; that she
followed, crying and begging for the return of the child,
and, when they arrived at their home, her entreaty being
ignored, she unlawfully shot and killed the insured.

There was testimony contradicting that of Mrs.
Holder and her stepson, a son of the insured by a former
marriage, given at the trial from which this appeal comes,
which tended to show that, in the first suit on the policy,
Mrs. Holder had shown that she killed her husband in
self-defense. This contradiction presented a question of
fact for the jury, and upon this question the court charged
the jury as follows:

"The court instructs you that, the contract being an
accident policy, and Lillie Ethel Holder, the assured's
wife, being the beneficiary named therein and alive at the
time of his death, the plaintiff, as administrator of the

estate of James Richard Holder, cannot recover in this
case unless you find from the testimony that he was pur-
posely and unlawfully killed by his wife.; that he himself
did not, by his own misconduct, engage in or voluntarily
enter the encounter which resulted in the injury causing
his death.''

Other instructions given by the court elaborated the
proposition that the administrator could not recover
unless it was shown by the testimony that the beneficiary
named in the policy had unlawfully killed the insured.
We must therefore assume that the jury found the fact
to be that the beneficiary unlawfully killed the insured,
and that the killing, while intentional, was not justified.
Upon this finding was the plaintiff entitled to recover?

Appellant insists that the killing, while intentional,
was justified, and·insists that there can be no recovery,
and the following cases are cited in support of that con-
tention: *Ætna Life Ins. Co.* v. *Little,* 146 Ark. 70, 225
S. W. 298; *Metropolitan Casualty Ins. Co.* v. *Chambers,*
136 Ark. 84, 206 S. W. 64; *State Life Ins. Co.* v. *Ford,*
101 Ark. 514, 142 S. W. 863.                       · .

In reply to this contention, it may be said that the
jury has found, under the instructions referred to above,
that the killing was intentional, but not justified. This
being true, the killing was ''accidental'' within the mean-
ing of the language employed in the policy sued on.

In *Maloney* v. *Maryland Casualty Co.,* 113 Ark. 174,
167 S. W. 845, it was held that, if an injury occurs with-
out the agency of the insured, it is ''accidental,''· even
though it may have been brought about designedly by
another person. The question was again raised in the case
of *Harrison* v. *Interstate Business Men's Accident Asso-
ciation,* 133 Ark. 163, 202 S. W. 34, where it was held,
after a review of the authorities, that (to quote a
syllabus): ''If an injury occurs without the agency of
the insured, it will be held to be 'accidental,' even though
it may be brought about designedly by another person.''

The case of *Henry* v. *Knights & Daughters of Tabor,*
156 Ark. 165, 246 S. W. 17, was a suit upon an ordinary

life policy, and the facts were that the beneficiary had killed the insured. It was there held that the beneficiary, having willfully killed the insured, could not recover on the policy, but that a recovery might be had for the benefit of the insured's estate. This holding was made upon the ground that, while public policy prevented the beneficiary in a policy, who had willfully murdered the insured, from collecting the insurance, public policy did not extend further than was necessary to prevent the felon from reaping the benefit of his crime, and that the proceeds of such a policy are payable to the estate of the insured.

The instant suit is prosecuted upon the theory that, while the beneficiary willfully killed the insured, and that she cannot recover the proceeds because it would be contrary to public policy to permit her to do so; but, as the policy sued on is an accident, and not an ordinary life, policy, it was essential that plaintiff show that the killing was accidental, as that term is defined in the cases above cited, before the administrator could recover. In other words, there was no liability to anyone unless the showing was made that the killing was accidental. The instructions required the jury to make this finding of fact before returning a verdict in plaintiff's favor, and, as that verdict was returned, we must assume that finding was made, and, as the testimony is legally sufficient to support that finding, the judgment must be affirmed.

It is insisted that no proof of death was made; but, inasmuch as the company, within the time when proof might have been made, denied liability under the policy to anyone, it was not necessary to make this proof.

As no error appears, the judgment must be affirmed, and it is so ordered.