INTER-SOUTHERN LIFE INSURANCE COMPANY *v*. BUTTS.

Opinion delivered April 8, 1929.

350

*Sheffield, Walker & Coates,* for appellant.

*W. G. Dinning,* for appellee.

Smith, J.   Appellee filed a complaint in which he alleged that the defendant insurance company had reissued a policy of insurance on the life of Sarah Medley, payable to her husband, James E. Medley, and, while said policy was in full force and effect, the beneficiary had murdered the insured, wherefore appellee, as administrator of the insured, brought suit to recover the amount of the policy.

The insurance company filed an answer, in which it denied that the beneficiary had unlawfully killed the insured or had forfeited his rights under the policy.   It admitted that it was indebted to the beneficiary or to the estate of the insured in the amount of the policy.   It was further alleged that "in no event can the estate of the said Sarah Medley (the insured) succeed to the funds in question until the rights of the said James E. Medley (the beneficiary) have been forfeited.   The defendant further states that the said James E. Medley stands innocent of any wrongful acts whatsoever, and not until he is tried and convicted of the alleged offense and his rights adjudicated can the administrator of said estate of Sarah Medley maintain an action on said policy of insurance."

With the issues thus joined, appellee offered testimony to the effect that the beneficiary had unlawfully killed his wife, the insured, and there was no contradiction of this testimony.   Thereupon the court charged

the jury, over appellant's objection, if the fact were found that the beneficiary had unlawfully killed the insured, to find for the plaintiff. There was a verdict for the plaintiff, and judgment accordingly, from which is this appeal.

Public policy prohibits the beneficiary in an insurance policy, who unlawfully kills the insured, from receiving any benefit from his wrongful act. But this public policy does not exonerate the insurer from liability on the policy, as the reason for the rule is to prevent the wrongdoer from profiting by his wrongful act, and not to relieve the insurer from the liability it contracted to pay upon the death of the insured. If therefore the beneficiary unlawfully killed the insured, he forfeited his right to recover under the policy, and a right to sue arose in favor of the estate of the insured as if no beneficiary had been named in the policy. *Mutual Benefit Health & Accident Assn.* v. *Tilley,* 176 Ark. 525, 3 S. W. (2d) 320.

It is the opinion of the majority that the pleadings in the case tender no issue except that of the unlawful killing of the insured by the beneficiary; that the insurance company, had it desired so to do, might have assumed the attitude of an interpleader, rather than that of a defendant, by paying into court the amount of the policy and asking the court to adjudicate, for its protection, to whom the money should be paid. But, instead of so doing, the insurer elected to litigate with the insured's administrator the question whether the beneficiary had unlawfully killed the insured, and this issue was submitted to the jury, and is concluded by the verdict.

It is the opinion of the writer—in which Justices KIRBY and MEHAFFY concur—that the allegation that the beneficiary had forfeited his right to sue is in the nature of a condition precedent, and, that fact being denied, the necessary parties to adjudicate that question should have been brought before the court, and the beneficiary, who was such a party, was not brought into court. We, the

minority, are therefore of the opinion that the judgment should be reversed, and the beneficiary made a party, to save the insurance company from the possibility of having to pay this policy twice. Sections 1096 and 1101, C. & M. Digest; *Choctaw, O. & G. R. R. Co.* v. *McConnell*, 74 Ark. 54, 84 S. W. 1043.

The judgment of the circuit court is affirmed.