PACIFIC MUTUAL LIFE INSURANCE COMPANY *v.* WARE.

Opinion delivered December 8, 1930.

Bogle & Sharp and Rose, Hemingway, Cantrell & Loughborough, for appellant.

Lee & Moore, Guy E. Williams and O. E. Williams, for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in giving said instruction No. 3, but concedes that the law was properly declared in re-quested instructions Nos. 1 and 2 given by the court applying the principles of law to the case made.

In Mutual Benefit & Health Assn. v. Tilley, 176 Ark. 528, 3 S. W. (2d) 320, the court, in an action by the administrator of the insured to recover on an accident policy for the death of the insured, who was shot by his wife, the beneficiary under the policy, where the jury found the killing was intentional but not justified, held that the killing was "accidental" within the meaning of the policy, saying: "Appellant insists that the killing, while intentional, was justified, and insists that there can be no recovery, and the following cases are cited in support of that contention (citing cases).

"In reply to this contention, it may be said that the jury has found, under the instructions referred to above, that the killing was intentional, but not justified. This being true, the killing was 'accidental' within the meaning of the language employed in the policy sued on."

The instruction No. 3 complained of is in no wise contradictory of the instructions that correctly declared the law as applicable to the proved facts, and is not, therefore, erroneous, and could not have been prejudicial,

since it was not an incorrect definition of the term "accidental," and in any event the jury was not limited to the term as defined therein, the court saying: "If you find that the deceased, Ony Ware, came to his death as a result of accidental means *as defined to you*," did not limit the definition to the particular instruction, having defined "accidental" also in the other correct instructions. It did not leave out any element necessary to be shown before a judgment could be rendered against the appellant not, as already said, limiting the definition to the particular instruction. The jury could well have found from the testimony that Newman, having become angered at the conduct of the insured, armed himself, continuing to make threats of getting even or of destroying him, sought the deceased, invited him into a small room away from the presence of others, assaulted and finally killed him without any justification; or that Newman provoked deceased into assaulting him, voluntarily engaged in the fight and without any effort to retire or withdraw therefrom shot and killed the deceased without the right to do so in self-defense.

Appellant's contention that the court erred in the admission of the testimony, the answer of appellee, stating she had two children and was employed in the State Educational Department, could not have been prejudicial, even if erroneous. There was no question in the case about what amount the recovery should be, if a recovery was had. It could not have resulted in any event in increasing the amount of the recovery, which was limited by the amount of the policy. The chief witness for appellant had stated in his testimony that he had a family of nine people dependent upon him, and apparently as some mitigation for his becoming enraged at the conduct of his partner and accentuated evidently the feeling aroused against him because of his conduct complained of, and the statement could be regarded as invited error, even if it were held to be error.

The alleged improper argument of counsel for appellee complained of is without merit. It was an ex-

pression only of surprise at the manner of appellant's conduct of the trial of the case, but his opinion thereof, without reciting any facts or incidents of the trial that caused such opinion to be held and expressed, could not have been erroneous. Counsel made no statement of any facts outside the record, nor of any particular facts as shown by the record upon which his expression of surprise was based or founded, and the jury could not have been impressed with any other view than that it was but an expression of his opinion on the case and the manner of developing it and was entitled to weight only as it was warranted by the facts in the trial. It was but an argument and not outside the right of counsel in making an argument of the case to the jury, and no error was committed in the making of such statement.

Upon a careful consideration of the whole case, we do not find any prejudicial error in the record, and the judgment is accordingly affirmed.