HAYDEL v. WIDOW'S FUND OF SAHARA TEMPLE.

4-3001

Opinion delivered May 1, 1933.

A. M. Coates, for appellant.

Coleman & Gantt, for appellee.

McHANEY, J. M. L. Case was a member of Sahara Temple, an organization of Shriners in Pine Bluff, Arkansas. He was also a member of the Widow's Fund, a beneficiary organization open to members of the Shrine. As such member, he was issued a certificate, and, under the bylaws, it was provided that upon his death in good standing the sum of $1,000 should be paid to the beneficiary named in said certificate. Charles E. Case, the

only child of M. L. Case, was named his beneficiary therein and died September 6, 1931, leaving surviving him the appellant as his only child and heir by law. M. L. Case died April 4, 1932, but, prior thereto and subsequent to the death of his son, Chas. E., he made a will leaving all his property to appellant and to his sister, Mrs. Erminnie Loetzerich, share and share alike. Under the by-laws of the Widow's Fund, a member might change his beneficiary at will, and, although Mr. Case discussed the matter of change of beneficiary with the secretary of the Widow's Fund, he never actually did so, unless his will executed in the presence of said secretary may be said to be a change of the beneficiary. Under the will Mrs. Loetzerich was appointed executrix, but, after having qualified, she resigned, and the appellee, Simmons National Bank, was appointed executor in succession. On the death of Mr. Case the Widow's Fund of Sahara Temple was uncertain as to whom the $1,000 should be paid, and therefore brought its interpleader suit in the Jefferson Chancery Court, paid the fund into court and prayed that the true owner be ascertained, the fund paid to such owner and it be discharged. Both appellant and the Simmons National Bank answered the interplea claiming the fund, and the court entered decree awarding the fund to the executor.

We think the Widow's Fund of Sahara Temple must be considered as a mutual benefit association and the rights under the certificate as if it were a beneficiary certificate issued by such association. In 7 Cooley's Briefs on Insurance 6410, it is stated: ''The beneficiary in the certificate issued by a mutual benefit association, in which the member is given full power to direct the disposition of the benefit and to change the beneficiary, has no vested right in the contract of insurance evidenced thereby, as the contract is between the association and the member to whom the certificate is issued, and not between the association and the beneficiary named in the certificate.''

Charles E. Case therefore did not take any vested interest in the certificate, and whatever expectancy he had in the certificate terminated at his death. Therefore,

unless a new beneficiary had been designated by the member, M. L. Case, the proceeds of the certificate were payable to his estate on his death and therefore to his administrator. We have many times held that "when the beneficiary in a policy of life insurance unlawfully kills the insured, public policy prohibits a recovery by him, and that the amount of the insurance automatically becomes an asset of the deceased's estate, to be recovered by the administrator for the payment of debts and distribution to the heirs." *Cooper* v. *Krisch,* 179 Ark. 952, 18 S. W. (2d) 909, and cases there cited. Moreover the will executed in the presence of the secretary of the Widow's Fund might be said to be a new designation of beneficiary, as under § 4 of the bylaws of the Widow's Fund it is provided that "such beneficiary may be changed by notifying the secretary, in writing, of the new beneficiary." The secretary was so notified in writing by the will to which he was a witness.

Affirmed.