## Greifer's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*A. Bernard Hirsch* and *Joseph B. Englander*, for exceptant.

*Herman N. Schwartz* and *Wolf, Block, Schorr & Solis-Cohen*, contra.

KLEIN, J., June 10, 1938.—The deceased settlor in 1932 executed a deed of trust under the terms of which he appointed a corporate trustee and deposited with it certain policies of life insurance issued upon his own life. The settlor's wife, his parents, and a sister were named as

cestuis que trustent. The settlor further reserved to himself the right to change the beneficiary named in the policies as well as to revoke or amend in whole or in part any or all of the terms and conditions of the deed of trust. The deed contained many other provisions not necessary to recite.

The settlor was killed by his wife, who was tried and convicted of murder. The learned auditing judge ruled that the conviction barred the widow from participating in the benefits of the trust estate. The correctness of this ruling is the sole question raised by the exceptions.

As pointed out by the auditing judge, this is the first time that this precise question has been raised in this State. There are, however, many decisions which hold that a beneficiary under a life insurance policy forfeits his right to the proceeds of the policy if he is convicted of murdering the insured. See Robinson v. Metropolitan Life Ins. Co., 69 Pa. Superior Ct. 274 (1918), Green v. Metropolitan Life Ins. Co., 23 Dist. R. 574 (1914), and Petrillo et al. v. Sampieri, 23 D. & C. 177 (1934), all cited in the adjudication. This same conclusion has been uniformly reached by the courts of other States and England. For examples, see New York Mutual Life Ins. Co. v. Armstrong, Admx., 117 U. S. 591 (1886), The Supreme Lodge Knights & Ladies of Honor v. Menkhausen et al., 209 Ill. 277 (1904), Filmore v. The Metropolitan Life Ins. Co., 82 Ohio 208 (1910), Drown, Admr., v. New Amsterdam Cas. Co., 175 Calif. 21 (1917), Murchison et al. v. Murchison et al. (Tex. 1918), 203 S. W. 423, Slocum, Admr., v. Metropolitan Life Ins. Co., 245 Mass. 565 (1923), Smith v. Metropolitan Life Ins. Co., 125 Misc. 670, 211 N. Y. Supp. 755 (1925), Inter-Southern Life Ins. Co. v. Butts, 179 Ark. 349 (1929), and Cleaver et al. v. Mutual Reserve Fund Life Assn., 1 Q. B. Div. 147 (1892, Eng.).

We fail to see any difference in principle between the present case and those involving the life insurance bene-

ficiaries. In both situations the time for the enjoyment of the benefits has been accelerated by the felonious act of the beneficiary. In the case at bar, the act of the beneficiary prevented decedent from exercising his right to revoke the trust or to change its terms and conditions. If we were to adopt exceptant's contention, a beneficiary who is estopped from receiving insurance money directly from the company because of his criminal act could receive it indirectly through the medium of a trust estate. Such a result would be illogical and barbarous.

Our view can be best summarized by borrowing and slightly altering the extract from Judge Hirt's opinion in Petrillo et al. v. Sampieri, supra, which is quoted by Judge Ladner in the adjudication: No authority should be necessary to refute exceptant's contention in a court of justice. It is inconceivable, on any ground, that a cestui que trust who has accelerated the time for enjoyment of benefits under a deed of trust by her felonious act should be permitted to benefit thereby.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.