YORK, ADMX. *v.* HAMPTON.

5-1618                                    314 S. W. 2d 480

Opinion delivered June 23, 1958.

*Paul K. Roberts,* for appellant.

*B. Ball,* for appellee.

PAUL WARD, Associate Justice. This litigation is over the proceeds of a $2,000 insurance policy on the life of Felton Hampton who was killed by his wife. The principal question is whether or not killing was justifiable.

The deceased, an employee of the Bradley Lumber Company, took out the insurance policy in question, payable to his wife who is the appellee here. Thereafter, on June 24, 1956 he was shot by his wife and died a few days later. Ada York, appellant, was appointed administratrix of the estate of the deceased.

On March 22, 1957 appellee filed suit against the insurance company, making appellant a party defendant. The insurer paid the amount of the policy into the registry of the court, and the suit was dismissed as to it. Upon trial the jury returned a verdict in favor of appellee. Appellant now urges a reversal on three grounds.

*One.* It is contended that there is no substantial evidence to support the jury verdict. There is no objection to any of the court's instructions, so the question presented to the jury on this issue was whether the killing was unlawful or whether it was justifiable. If the killing was unlawful and unjustifiable recovery is prohibited by public policy. See: *Inter-Southern Life Insurance Company* v. *Butts*, 179 Ark. 349, 16 S. W. 2d 184 and *Horn* v. *Cole, Administrator*, 203 Ark. 361, 157 S. W. 2d 787. It follows therefore that the jury found the killing was justifiable, and, we think, there is substantial evidence in the record to support that finding.

Other than appellee there were no eye witnesses to the killing, which took place at night. Some neighbors who heard screaming and who were told by appellee that she had shot her husband went to the home of deceased and found him on the floor with several gun shot wounds in the upper part of his body. They also found a pistol on the floor near the body of deceased. In her own defense appellee stated: "I don't know who fired the shot, but he was fighting me. We were tussling

and he started fighting me. He was quarrelling over my money which I and my little boy made picking tomatoes. That Saturday Felton got a case of beer from somewhere and came home and put some of it in a bag and took it to the ball game. After the ball game he came home and because I would not tell him where my son's and my money was he hit me with a piece of axe handle while I was in bed and I jumped up and we got to scuffling and he cursed me. He went to the dresser and got the pistol out and we scuffled and the gun went off. When he struck me I jumped up from the bed and he told me he was going to kill me, and cursed me and got the gun and I scuffled with him. I am not denying that I fired the shots that killed him. I was scared and hysterical and did not know what had happened until it was over. I would not have hurt him had I not been in fear of my life. He was drunk. He was cursing me." There was other testimony indicating that the deceased had been drinking beer.

*Two.* We can not agree with appellant that the court erred in allowing appellee to ask appellant whether or not she had testified when appellee was tried for murder. The answer was in the affirmative. No other information was elicited or obtained. While the question and answer might not have been relevant, we are unable to see how any prejudice resulted. In support of her contention appellant cites *Smith* v. *Dean,* 226 Ark. 438, 290 S. W. 2d 439, but we fail to see in it any application here. There it was merely held that a judgment is not admissible to prove the facts upon which it was based. Here no judgment was introduced and there was no attempt to prove any facts.

*Three.* Over appellant's objections appellee was allowed to introduce the testimony of several witnesses to the effect that deceased had the reputation of being violent and turbulent. We think this testimony was relevant to the issue of whether appellee or the deceased was the aggressor.

The case of *St. Louis I. M. & S. R. Co.* v. *Stroud,* 67 Ark. 112, 56 S. W. 870, cited by appellant does not

support her contention. There it was stated that "No evidence is allowed of particular acts of good or bad conduct, etc." No such evidence was involved here. In the cited case it was stated that ordinarily evidence of general character is not admissible in civil cases, but it also recognized an exception where "the action involves the general character of the party, or goes directly to effect it." We think the case under consideration falls within that exception. The vital question here was whether appellee was justified in killing her husband, and this question was closely connected with who was the aggressor. For that reason we think the questioned testimony was competent.

Affirmed.