YORK, ADMX. *v.* YORK.

5-1619                                                314 S. W. 2d 482

Opinion delivered June 23, 1958.

*Paul K. Roberts,* for appellant.

*B. Ball,* for appellee.

PAUL WARD, Associate Justice. The main issue in this litigation is who is entitled to the proceeds of a life insurance policy.

O. D. York carried a $2,000 insurance policy made payable at his death to his wife who is the appellee herein. On August 20, 1955 appellee inflicted knife wounds on York which resulted in his death a few days later. Ada York was appointed administratrix of York's estate, and as such filed a complaint against the carrier insurance company and appellee for the proceeds of the policy. The complaint alleged that since

appellee maliciously and wilfully inflicted the mortal wounds upon York she is disqualified under the law to receive the proceeds of the insurance policy, and that the insurer is ready and willing to pay the proper amount to the rightful owner. Appellee denied all material allegations and claimed the proceeds of the policy as the named beneficiary. The trial resulted in a verdict in favor of appellee, and from the judgment entered thereon appellant prosecutes this appeal.

The only ground urged for a reversal is that there is no substantial evidence to sustain the jury's verdict. This case is similar in many respects to the case of *Ada York, Administratrix* v. *Dorothy Marie Hampton,* 229 Ark. 301, 314 S. W. 2d 480, decided by us this day to which reference is hereby made. The same principal of law applies to both cases.

There is in the record, we think, substantial evidence to support the verdict. Appellee cut the deceased on the left arm with a knife in front of their own home sometime around 12 o'clock at night. He was promptly sent to the hospital where the doctor attempted to stop the flow of blood from an artery. On August 24, York began to hemorrhage and during an attempt to tie off the artery he died.

On the late afternoon of August 20 it seems appellee and some friends went to a cafe where they got sandwiches. The deceased also came to the cafe but soon returned home. Later when appellee and her friends approached the house the deceased told appellee to come on home. Appellee and one of her friends said she told him she would be there soon, but another witness said appellee replied: ''I will be back when I get good and ready.'' At about this time the deceased started towards appellee with a stick when appellee cut him on the arm with a knife. The sister testified that about two weeks before the affray she heard appellee say: ''Don't lose my knife because I am going to mess O. D. up with it'', meaning the deceased. Another witness said she was in a store when appellee bought a knife' when appellee said she had told appellant she was going

to kill her husband. Appellee denied making these statements, and said she had carried a knife a long time like most colored women. Appellee testified: ''At the time I cut him he hit me with a stick. I was going to get some barbecue and he asked me to come home and he insisted and cursed me and grabbed a stick and started toward me. I stood there and the reason I did not get out of the way I knew he would catch me. When he hit me with the stick, I cut him. I felt I was in danger. I don't know what size stick he hit me with. It knocked a hole in my head. I did not intend to kill deceased. I tried to keep him off of me. He had whipped me before and I had plenty of excuses to cut him before.'' She further stated that she used the knife in self defense. A witness who was present stated that appellee was not looking at the deceased when he hit her, but she might have seen him before he got to her; that the force of the blow did not knock appellee down but that she was bleeding at the head.

The jury had a right to believe or disbelieve all or any part of the testimony of any witness, and we must give the testimony its greatest weight in favor of appellee. Viewed in this light we are unable to say there is no substantial evidence to support the jury's verdict.

Affirmed.