**Frank BRASWELL et al., Appellants,**

v.

**Artha WHITE et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1968.

Bruce H. Phillips, Monticello, for appellants.

No appearance for appellees.

STEINFELD, Judge.

C. C. Braswell, administrator of the estate of Chester Braswell, sued a creditor and heir of Chester Braswell alleging that claims against the estate exceeded the value of the personalty and he demanded that claimants respond by setting up their claims. He pleaded that the 37-acre farm, which was the only real estate owned by the deceased, had to be sold to raise funds to pay costs of administration and claims. Artha White, a sister of the deceased and a co-defendant in the action, filed an answer, counterclaim and cross petition demanding $10,000.00 for nursing services rendered to the deceased. Issues were joined, a jury heard proof on the Artha White claim and awarded her "the full amount of $10,000.00". Judgment was entered on that verdict. All cross defendants moved for a new trial, and when it was overruled they gave timely notice and appealed.

The appellants' brief states:

"The Appellee * * * provided such services * * * a period of 7 months and 20 days."

\* \* \* \* \* \*

"The award in this case amounted to compensation of over $1,250.00 per month for each month of service. It should be remembered that the appellee was not a skilled, experienced or professional nurse. The work performed was drudgery and of a servile nature, however there was nothing to indicate that the patient was violent or unmanageable. The proof suggested that the deceased was calm and placid and that no bed-side vigil was necessitated. No medication was required or treatments given. The service was not and could not have been classified as skilled or professional. The appellee voluntarily entered the home of the deceased, and it is only reasonable to assume, in the absence of any demand for reimbursement for food or other items, that the appellee was housed and fed by the deceased during the period that she lived with him. The attention required by the deceased could have been obtained by a person of the same skill of the appellee for $35.00 per week where food and lodging was

furnished, and perhaps a higher degree of care would have been provided by a nursing home for $170.00 per month."

The appellees have not favored us with a brief. Under those circumstances we may " * * * accept the appellants' statement of facts as correct and to treat the failure of the appellee to file a brief as a confession of error. Pierson-Trapp Co. v. Knippenberg, Ky., 387 S.W.2d 587 (1965); Belcher v. Elkins, Ky., 347 S.W.2d 503 (1961); Stansbury v. Smith, Ky., 424 S.W. 2d 571 (decided February 23, 1968)." Smith v. Smith, Ky., 424 S.W.2d 573 (decided February 23, 1968).

Appellants contend that the award is grossly excessive. From the above statements we hold that it is. The judgment is reversed with directions to grant appellants a new trial on the claim of Artha White.

All concur.