BERTHA GREGORY *v.* NATIONAL LIFE AND INSURANCE COMPANY

5-5582                                                  467 S. W. 2d 181

Opinion delivered May 24, 1971

*Reinberger, Eilbott, Smith & Staten,* for appellant.

*Bridges, Young, Matthews & Davis,* for appellee.

LYLE BROWN, Justice. Appellant Bertha Gregory was the plaintiff below and appeals from a summary judgment in appellee's favor. She was the beneficiary in an insurance policy on the life of her son, Daniel Eans, covering death by accidental means. The policy excluded payment in case of death resulting "from the insured's commission of, or attempt to commit, an assault or felony." Appellee moved for summary judgment and attached the affidavit of the wife of Daniel Eans, she being the only eyewitness to the fatal event. Appellant contends that her cross motion for summary judgment should have been granted, and alternatively, that the case presented fact questions for the jury.

In November 1968 Daniel Eans and his wife, Bessie Mae, resided in Michigan. Her affidavit recited that the couple engaged in a quarrel on November 11 and it culminated in his striking her, knocking her to the floor and then stomping her; that she locked herself in the bathroom and he opened the door with a clothes hanger; that he again attacked her; that she succeded a second

time in getting in the bathroom and fastened the latch; and that he opened the door with an ice pick. Then she recited, as gleaned from the abstract, these events:

> When he entered the bathroom he had the ice pick in his hand and I grabbed for the ice pick and we wrestled over it. I got it from him and we fell into the bathtub when we were wrestling and he got up first with the ice pick in his chest. . . . I don't know how the ice pick got lodged in his chest. I was scared because he was fighting me and when he opened the door I saw the ice pick and the first thing I thought about was getting it from him. When he came in we were sort of wrestling and I ended up with the ice pick in my hand. . . . After he came in the bathroom the second time with the ice pick in his hand he didn't strike me then because I think my main concern was getting the ice pick and I know he didn't hit me after he got in the bathroom. When he came in he had the ice pick in his hand and holding it so that the pick part was facing his body towards his upper arm. He didn't make any gesture with the ice pick towards me. . . . The only struggle we had after he came in was for the ice pick itself. I wanted to get it away from him and we accidentally stumbled into the bathtub.

Our unhesitating conclusion is that this was not a case for summary judgment. That judgment is appropriate only when "there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law." Ark. Stat. Ann. § 29-211(c) (Repl. 1962). In determining whether there was a genuine issue of fact on such a motion we view the proof in the same light as if it were a motion for a directed verdict. *McClain* v. *Anderson,* 246 Ark. 638, 439 S. W. 2d 296 (1969). The evidence is viewed in the light most favorable to the party resisting the motion, with all doubts and inferences resolved against the moving party. *Deam* v. *Puryear,* 244 Ark. 18, 423 S. W. 2d 554 (1968). "[I]n a case where fairminded men may honestly differ about the conclusions to be drawn from the testimony, a summary judgment should be denied." *Mason* v. *Funder-*

*burk,* 247 Ark. 521, 446 S. W. 2d 543 (1969). Additionally, the policy being one of insurance against death by accidental means, there was a presumption of death by accident. *Mutual of Omaha* v. *George,* 245 Ark. 670, 434 S. W. 2d 307 (1968). The character of the assault contemplated by the exclusion means more than a simple assault; it must have been of such severity "as would have justified the assaultee in inflicting death or serious injury by way of self-defense." The severity of an assault is ordinarily a question for the jury. *Lincoln Income Life Insurance Co.* v. *Alexander,* 231 Ark. 63, 328 S. W. 2d 266 (1959). Such a reservation as is before us is to be construed strictly against the party for whose benefit the reservation was made. *Harrison* v. *Interstate Business Men's Accident Ass'n.,* 133 Ark. 163, 202 S. W. 34 (1918).

In order to reach the conclusion that no justiciable issue existed the trial court necessarily had to weigh the facts set forth in the affidavit and in light of the numerous principles we have recited. The court had to determine whether the acts of the insured unquestionably constituted a severe assault, whether the presumption of death by accident was overcome, and the credibility of affiant's testimony had to be evaluated. Those were factual questions which addressed themselves to a jury.

Reversed and remanded with directions to set aside the summary judgment.

HARRIS, C. J., not participating.