Arthur LEWIS *v.* Al M. CRELIA and The Lendel Vines Company and Edward Bramlett and Covenant Transport, Inc.

05-660                                                          229 S.W.3d 19

Supreme Court of Arkansas
Opinion delivered February 16, 2006

*Mobley Law Firm, P.A.*, by: *Jeff Mobley*, for appellant.

*Chisenhall, Nestrud & Julian, P.A.*, by: *Jim L. Julian* and *R. Matthew Vandiver*, for appellees Edward Bramlett and Covenant Transport, Inc.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael E. Hale*, for appellees Al M. Crelia and The Lendel Vines Co.

JIM GUNTER, Justice. Appellant Arthur Lewis appeals from an order of the Pope County Circuit Court granting summary judgment in favor of appellees, Al M. Crelia, The Lendel Vines Company, Edward Bramlett, and Covenant Transport, Inc. We reverse the circuit court's order granting summary judgment and remand for trial.

On June 8, 2001, Mr. Lewis was injured in a multi-vehicle accident on Interstate 40. On December 11, 2002, he filed a complaint against the appellees, alleging that their negligence caused the accident and his resulting injuries. On July 28, 2003, Mr. Lewis filed a voluntary petition for Chapter 7 bankruptcy. He was represented in the bankruptcy court by an attorney other than the one representing him in this action. In the schedule attached to the bankruptcy petition requesting Mr. Lewis to identify any contingent and unliquidated claims that he had, Mr. Lewis failed to identify this lawsuit. Mr. Lewis also failed to identify this lawsuit in the Statement of Financial Affairs attached to the petition, which requested a list of all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of the petition. It is this failure to list a potential asset in the bankruptcy proceeding which led to the summary-judgment order in this case. On December 30, 2003, the bankruptcy court entered an order fully and completely discharging Mr. Lewis from his debts.

On July 9 and 21, 2004, appellees filed motions for summary judgment on the basis of judicial estoppel. They attached as exhibits to the motion Mr. Lewis's bankruptcy petition and schedules, the Statement of Financial Affairs, and an excerpt from Mr. Lewis's deposition in this case. Mr. Lewis responded, attached an additional excerpt from his deposition, and claimed that the omission was a mistake and that he had no intent to manipulate the judicial process. The circuit court granted the motions and dismissed Mr. Lewis's complaint with prejudice, holding that he was judicially estopped by his bankruptcy proceeding from bringing this lawsuit. Mr. Lewis appeals.

We set forth our standard of review of a circuit court's order granting summary judgment in *Jordan v. Diamond Equipment & Supply Co.*, 362 Ark. 142, 207 S.W.3d 525 (2005), stating:

> Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Riverdale Development Co. v. Ruffin Building Systems Inc.*, 356 Ark. 90, 146 S.W.3d 852 (2004); *Craighead Elec. Coop. Corp. v. Craighead County*, 352 Ark. 76, 98 S.W.3d 414 (2003); *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Once the moving party has established a *prima facie* entitlement to summary judgment, the non-moving party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidence presented by the moving party in support of its motion leaves a material fact unanswered. *George v. Jefferson Hosp. Ass'n Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999). We view the evidence in the light most favorable to the non-moving party, resolving all doubts and inferences against the moving party. *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998).

*Jordan, supra.*

Mr. Lewis argues that the circuit court erred in granting appellees' motions for summary judgment because there is a genuine issue of material fact with regard to whether he had the intent to manipulate the judicial process to gain an unfair advantage, which, in Arkansas, is an element of a *prima facie* case of judicial estoppel. He states that questions of intent are generally inappropriate for summary judgment. *See Chlanda v. Estate of Fuller*, 326 Ark. 551, 932 S.W.2d 760 (1996).

Appellees respond that there is no genuine issue of material fact with regard to intent, as the only "proof" provided by Mr. Lewis on this issue is his conclusory and self-serving argument denying intent. They argue that conclusory allegations are insufficient to create a fact issue in a summary-judgment situation. *Sundeen v. Kroger*, 355 Ark. 138, 133 S.W.3d 393 (2003). Appellees claim that the circumstances and Mr. Lewis's actions both at the time of the bankruptcy filing and after the filing clearly prove that he intended to manipulate the judicial process.

The purpose behind judicial estoppel is protection and preservation of the judicial process. *Dupwe v. Wallace*, 355 Ark. 521, 140 S.W.3d 464 (2004). It is designed to prevent parties from "playing fast and loose with the courts" and ensures a court's right "to rely on representations made in court." *Id.* at 532, 140 S.W.3d at 471.

We listed the elements of a *prima facie* case of judicial estoppel in *Dupwe*:

1. A party must assume a position clearly inconsistent with a position taken in an earlier case, or with a position taken in the same case;

2. A party must assume the inconsistent position with the intent to manipulate the judicial process to gain an unfair advantage;

3. A party must have successfully maintained the position in an earlier proceeding such that the court relied upon the position taken; and

4. The integrity of the judicial process of at least one court must be impaired or injured by the inconsistent positions taken.

*Id.* at 525–26, 140 S.W.3d at 466. Mr. Lewis has conceded with regard to elements 1, 3, and 4. Therefore, the only issue before us is whether the second element has been satisfied. Specifically, we must determine whether the circuit court erred in holding that there was no genuine issue of material fact that Mr. Lewis had the intent to manipulate the judicial process to gain an unfair advantage. *See id.*

The doctrine of judicial estoppel is particularly important in bankruptcy cases because the integrity of the bankruptcy system depends upon full and honest disclosure by debtors of all of their assets. *Rosenshein v. Kleban*, 918 F. Supp. 98 (S.D.N.Y. 1996). On the question of intent, the issue in a bankruptcy setting is whether there was improper manipulation of the judiciary. *Dupwe*, 355 Ark. at 535, 140 S.W.3d at 472. In *Dupwe* we stated that the doctrine of judicial estoppel is to be applied only when the conduct is "tantamount to a knowing misrepresentation to or even fraud on the court." *Id.* (quoting *Arboireau v. Adidas-Salomon, A.G.*, 347 F.3d 1158 (9th Cir. 2003)). "[T]he inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id.* (Internal citations omitted.) Finally, the doctrine should be

imposed only to avoid a miscarriage of justice and should apply only to "intentional contradictions, not to simple error or inadvertence." *Id.* (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002)).

We agree with the appellees that the mere denial of intent to manipulate the judicial system in a judicial-estoppel case, without more, is insufficient to create a "genuine issue of material fact" sufficient to preclude the entry of summary judgment. *See Sundeen, supra* (stating that conclusory allegations are insufficient to create a fact issue in a summary-judgment situation). As with any issue, the circuit court must review all of the evidence to determine if there is a genuine issue of material fact to be litigated. We explained in *Wallace v. Broyles*, 332 Ark. 189, 192-93, 961 S.W.2d 712, 722 (1998), that although facts may not be in dispute, they may result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law. In such a case, summary judgment is inappropriate. Moreover, when reviewing orders granting summary judgment, we view the evidence in the light most favorable to the non-moving party, resolving all doubts and inferences against the moving party. *Jordan, supra.*

With these principles in mind, we now turn to the present case. Here, Mr. Lewis testified that his negligence suit against appellees had nothing to do with his bankruptcy filing. He stated that he filed a petition in bankruptcy because of a medical debt, unrelated to his injuries from the accident that is the subject of this lawsuit. The creditor was attempting to garnish his wife's wages, which would have resulted in his wife's termination. Furthermore, Mr. Lewis's bankruptcy petition included only one debt related to injuries sustained in the accident that is the subject of this lawsuit. Therefore, only $120 out of more than $70,000 in debt discharged was related to this lawsuit, although he alleges in his complaint, that he incurred over $12,000 in nondischarged debt due to his medical expenses and prescriptions. Finally, when asked in his deposition whether he informed the bankruptcy court of this lawsuit, he said that he did inform either the trustee or the bankruptcy judge that he had a pending lawsuit. Viewing this testimony in the light most favorable to Mr. Lewis and resolving all doubts and inferences against the appellees, we find that a jury could conclude that Mr. Lewis had no intent to manipulate the judicial process, and that his failure to list this lawsuit as a potential asset in his schedules or Statement of Financial Affairs was not

"calculated to make a mockery of the judicial system[,]" but was a "simple error or inadvertence." *Dupwee*, 355 Ark. at 535, 140 S.W.3d at 473. We have held that summary judgment should be denied "in a case where fairminded men may honestly differ about the conclusions to be drawn from the testimony." *Gregory v. Nat'l Life and Accident Ins. Co.*, 250 Ark. 770, 772, 467 S.W.2d 181, 182 (1971).

In conclusion, we hold that Mr. Lewis's testimony raises a genuine issue of material fact regarding whether he intended to manipulate the judicial process to gain an unfair advantage. The circuit court erred in finding that summary judgment was appropriate, and we reverse and remand for trial.

Reversed and remanded.