### W. A. Davis and Wife v. R. M. Laning.

#### No. 7153.

**Felon's Right in Property not Affected by His Conviction.**—The conviction and sentence for life in the penitentiary does not operate a devolution of the property of the convict to persons who would be his heirs at law in case of his death. As affecting property rights, the conviction works no forfeiture of the rights of the accus

Error from Llano. Tried below before Hon. A. W. Moursund.

*W. S. Maxwell,* for plaintiff in error. — The question raised by the pleadings is this: What is the status of the title of the property of one under life sentence? Does the title remain with the convict, or does it descend to his heirs?

It is provided by section 21 of the Bill of Rights, that no conviction shall work corruption of blood or forfeiture of estate, etc.

At common law the convict's estate was forfeited to the crown by reason of the attainder of blood; that is, he could no longer inherit or transmit an inheritance—a loss of all civil rights. Hence he had no further control of his property; he could not contract or be contracted with; he could not sue or be sued; he was civilly dead.

We contend that the effect of the provision of the Bill of Rights above cited is to preserve the inheritance of a convicted felon from forfeiture through corruption of blood, and to devolve his estate upon his heirs as if he were naturally dead.

No brief for defendant in error has reached the Reporter.

MARR, JUDGE, *Section A.*—This action was brought by the plaintiffs in error against the defendant in error to try title to and to recover a certain tract of land in Llano County, Texas. They claim the land as heirs at law of their son, one C. C. Davis, who was duly convicted in the District Court of the above named county, and sentenced to the State penitentiary for the term of his natural life. They contend that this conviction rendered C. C. Davis civiliter mortuus, and cast descent upon his heirs. He is, however, still alive in fact, and undergoing the life sentence in the penitentiary. The land belonged to him at the time of his conviction, and he was and is an unmarried man and has no children.

The defendant claims title to the land under a purchase at an execution sale upon a judgment of a Justice Court, which was rendered against C. C. Davis in a suit instituted against him after his conviction and incarceration in the penitentiary. It is alleged, however, in the petition, that this judgment and execution sale are null and void for the want of service of process upon the defendant in said suit.

Upon the foregoing state of the case the court below sustained a general demurrer to the petition of the plaintiffs, and dismissed their suit.

The plaintiffs seek to recover the land in their own right, and not for or in behalf of C. C. Davis. They have sued out a writ of error, and have assigned as error the action of the court in sustaining the demurrer.

The question presented for our determination is one of first impression in this State, if it can be deemed a question at all, in view of the Bill of Rights and our statutory provisions which relate to descent and distribution, administration, and wills, and the probate thereof, etc.

Attainders, outlawry, deprivation of property except by due process of law, and corruption of blood or forfeiture of estate as a result of conviction of crime, are expressly prohibited by the organic law. Const., art. 1, secs. 16, 19, 20, 21. Section 21 declares that "no conviction shall work a corruption of blood or forfeiture of estate; and the estate of those who destroy their own lives shall descend or vest as in case of natural death." This provision is invoked by the plaintiffs in error, but it aids their case no further than a declaration that a convict may either inherit himself or transmit inheritance. It does not attempt to determine at what time the descent of his estate shall be cast, but excludes this idea by the express regulation concerning the estates of suicides. In any event, it most certainly does *not* declare that the estates of convicted felons shall upon *conviction* "descend or vest as in case of natural death." In short, we find nothing in the Constitution to support the position of the plaintiffs, but much that might warrant an opposite conclusion.

It is not necessary, however, for us to determine whether, under the provisions of the Constitution before cited, it would be within the power of the Legislature to establish a rule of descent, as contended for by the

plaintiffs, in cases like the present, for the plain reason that, so far as we are aware, the Legislature has not yet enacted any such law. The statutes before mentioned are too numerous to be quoted, but an examination of their provisions will, as we think, inevitably lead to the conviction that whenever these statutory enactments upon the subject aforesaid speak of death, they mean the natural death of the person whose estate or testament is involved. Analogous statutes were so construed in similar cases by the Court of Appeals of New York and the Supreme Court of Ohio. As our statutes regulate the time when descent is cast, viz., when the ancestor is in *fact* dead, we are not, therefore, relegated to the common law for a rule of decision, although under that law even an attainted convict was not divested of the title to his lands until after office found, but could dispose of them by will, subject to a forfeiture at the instance of the crown, etc. Avery v. Everett, 110 N. Y., 317.

In the case just cited it was held, that although a statute of that State declared that "life convicts should thereafter be deemed civilly dead," still, in case of a devise of land to such a convict, with directions that if he should die without issue the property shall vest in another, the land "does not so vest upon his civil death." This decision was not rested upon the intention of the testator, but upon the broader ground that the conviction had not divested the convict of his title to the land. We have no such statute as the one above quoted, and for stronger reasons, therefore, would the principle just announced apply to the case in hand.

The Supreme Court of Ohio held, that "a man sentenced to imprisonment for life in the penitentiary—imprisonment for crime—is not civilly dead, and letters of administration can not be granted upon his estate." Frazer v. Fulcher, 17 Ohio, 260. The learned judge who delivered the opinion observed, that "we know that in England there are cases in which a man, although in *full life*, is said to be civilly dead, but I had not learned, until this case was brought before us, that there was but one kind of death known to our laws." This, perhaps, about expresses the state of our own laws upon the subject. It has been decided that convicted felons may be sued, and may dispose of their property by will or deed, etc.; and it would seem that under the terms of our own statutes there exists no valid objection to a convict *devising* his lands, if otherwise possessed of the statutory qualifications essential to testamentary capacity. Avery v. Everett, supra; Rankin's Heirs v. Rankin's Exr., 6 T. B. Mon., 531; 17 Am. Dec., 161; Rev. Stats., art. 4857; see, also, art. 3222.

If he can be sued and his property seized by his creditors after conviction, as has been held; if he can dispose of it by will, to vest as he shall direct after his death, then clearly he is neither dead in fact nor in law, and a fortiori there can be no descent of his estate to "his heirs at law," under such circumstances.

We do not deem it important to pursue the inquiry to any greater extent. We think that we have said sufficient to indicate our views of the point at issue.

The subject, however, in many of its phases, is exhaustively discussed in the case of Avery v. Everett, supra, and in a learned note to that decision, as reported in 6 American State Reports, 379. See, also, 2 Laws. Rights, Rem., and Prac., sec. 899.

We have no statute, like that in England, providing for the appointment of a trustee or guardian of the estate of a life convict. That is a matter for the determination of the legislative department. We conclude that the conviction and sentence of C. C. Davis did not effect a devolution of the title to his land upon the plaintiffs in this case as his heirs at law, and that the maxim, nemo est haeres viventis, applies.

The judgment should be affirmed.

*Affirmed.*

Adopted May 24, 1892.