MURCHISON et al. v. MURCHISON et al. (No. 253.)

(Court of Civil Appeals of Texas. Beaumont. May 1, 1918.)

1. INSURANCE ⬧⟿448 — LIFE INSURANCE — MURDER OF INSURED BY BENEFICIARY.

Despite Const. art. 1, § 21, and Rev. St. 1911, art. 2465, providing that no conviction shall work forfeiture of estate, the beneficiary named in a life insurance policy, who feloniously kills insured to accelerate the due date of the policy and collect the money, cannot recover the proceeds of the policy against the insurance company issuing it.

⬧⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. INSURANCE ⬤⟆448 — LIFE INSURANCE—MURDER OF INSURED BY BENEFICIARY—CANCELLATION OF LIABILITY.

A life insurance company's liability on a policy is not canceled because the beneficiary named in the policy feloniously kills the insured.

3. PROPERTY ⬤⟆4 — LIFE INSURANCE — PROCEEDS AS PERSONALTY.

The proceeds of a life insurance policy is in the nature of, or constitutes, personal property.

4. DESCENT AND DISTRIBUTION ⬤⟆51—PROCEEDS OF INSURANCE—CAUSING DEATH OF INTESTATE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2465, providing that no conviction shall work corruption of blood or forfeiture of estate, and that there shall be no forfeiture by reason of death by casualty, and article 2462, providing that in the absence of any child or children or their descendants, the whole of the personal estate of one dying intestate shall pass to his surviving wife, where a wife, the beneficiary of her husband's life insurance policy, feloniously killed such husband, who died intestate and without children, to accelerate the due date of the policy and obtain the insurance money, the liability of the insurance company to the husband's estate not being canceled, and the proceeds of the policy being personalty, the wife was entitled to them.

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Suit by G. R. Murchison and others against Margurite Murchison and another. From judgment of dismissal, plaintiffs appeal. Affirmed.

Mantooth & Collins, of Lufkin, for plaintiffs in error. Denman & Thomas and I. D. Fairchild, both of Lufkin, Blount & Strong, of Nacogdoches, and W. J. Townsend, of Austin, for defendants in error.

HIGHTOWER, C. J. This suit was filed in the district court of Angelina county by G. R. Murchison, Dailey Murchison, Ross Murchison, Jr., and Dora Faris, the latter being joined pro forma by her husband, W. B. Faris, as plaintiffs, against Margurite Murchison and Royal Indemnity Company as defendants; the purpose of the suit being to recover a judgment against the Royal Indemnity Company on a policy of accident insurance issued by said company upon the life of one R. H. Murchison.

It was alleged in the petition that G. R. Murchison was the father, and Dailey Murchison and Ross Murchison, Jr., were the brothers, and said Dora Faris the sister, of the said R. H. Murchison, who, it was alleged, died on the 14th of April, 1915; and it was further alleged that the said Margurite Murchison was the wife of said R. H. Murchison at the time of his death. It was further alleged that the said R. H. Murchison left no outstanding debts at the time of his death, and that there was never any administration upon his estate, nor any necessity for any. It was further alleged that the said R. H. Murchison left no child or children surviving him. It was further alleged that the policy of insurance made the basis of the suit was issued by the Royal Indemnity Company on the 4th day of December, 1914, and was in full force and effect at the time of the death of said R. H. Murchison. It was further shown by the petition of plaintiffs that said policy provided that upon the death of said R. H. Murchison, the proceeds thereof should be paid to the said Margurite Murchison as sole beneficiary. It was further alleged in the petition that the said R. H. Murchison met his death at the hands of his said wife, Margurite Murchison, who feloniously killed and murdered him with the intention and for the purpose of securing and obtaining the money which it was provided by the terms of said policy should be paid to her upon the death of said R. H. Murchison.

It was then alleged, substantially, that because of the fact that the said Margurite Murchison did feloniously kill and murder the said R. H. Murchison, she forfeited all right and interest that she otherwise might have had in and to the proceeds of said policy of insurance as the beneficiary named therein; and, further, it was substantially alleged that because of the fact that the said Margurite Murchison feloniously killed and murdered said R. H. Murchison, she was not only prevented from claiming and recovering from the Royal Indemnity Company the amount of money stipulated to be paid her as beneficiary in said policy, but also that she thereby forfeited any and all right and interest in and to the proceeds of said policy in the hands of said Royal Indemnity Company, and was not, in law, entitled to have said proceeds or any part thereof under the law of descent and distribution of this state, but that plaintiffs, as the father, brothers, and sister of said R. H. Murchison, by reason of such relationship to him, immediately upon the death of said R. H. Murchison became and were entitled to recover of said Royal Indemnity Company the proceeds of said policy still in its hands, as the heirs and next of kin of the said R. H. Murchison. The petition is quite lengthy, and for the purposes of this opinion it is entirely unnecessary to quote the same in full, and we think that the foregoing substantial statement of the material allegations will be sufficient for the disposition here.

Both the defendants were served and answered, and each interposed a general demurrer to the plaintiffs' petition, and also each interposed certain special exceptions, which it is unnecessary to here mention. The trial court sustained the general demurrer interposed by each of the defendants, and some of the special exceptions, and the plaintiffs having declined to amend, their petition was ordered dismissed, and from that order and judgment of the trial court this appeal has been prosecuted.

[1] The action of the trial court in sustaining the general demurrers of defendants has

been duly assigned as error in this court, and such assignments and propositions thereunder raise two questions only for the consideration of this court. The first question is this: Can one who is named as sole beneficiary in a life insurance policy, and who feloniously kills the insured for the purpose and with the intention of accelerating the due date of such policy and collecting the money to be paid to such beneficiary thereunder, recover the proceeds of such policy against the company issuing same, in accordance with the provisions of the policy? In other words, can such beneficiary, under such circumstances, recover upon the contract of insurance? The Supreme Court of this state has never decided this question, in so far as we have been able to ascertain, but we are not left in the dark in the matter, because we find that no less eminent authority than the Supreme Court of the United States long ago decided this very question, and the opinion of that great court will be found in the case of New York Mut. Life Ins. Co. v. Armstrong, 117 U. S. 600, 6 Sup. Ct. 881, 29 L. Ed. 1000. In that case we find this expression in the opinion of the court:

"It would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of a party whose life he had feloniously taken. As well might he recover insurance money upon a building that he had willfully fired."

It has been a long time, it is true, since the Supreme Court of the United States used the language just quoted, but in all the years since then that court seems never to have changed its views on the question. Innumerable cases from that court might be cited, more or less relevant on the point, but it would serve no useful purpose to here mention them, because a decision of the question could not be more squarely made by any court, nor could stronger or sounder reason than is there announced be found. See, also, Schmidt v. Life Ins. Association, 112 Iowa, 41, 83 N. W. 800, 51 L. R. A. 141, 84 Am. St. Rep. 323; Filmore v. Life Ins. Co., 82 Ohio St. 208, 92 N. E. 26, 28 L. R. A. (N. S. ) 675, 137 Am. St. Rep. 778; Anderson v. Life Ins. Co., 152 N. C. 1, 67 S. E. 53; Supreme Lodge v. Menkhausen, 209 Ill. 277, 70 N. E. 567, 65 L. R. A. 508, 101 Am. St. Rep. 239; Order of Columbus v. Fuqua, 60 S. W. 1020; Life Ins. Co. v. Shane, 98 Ark. 132, 135 S. W. 837. These are but a few of the authorities which announce the rule that it would be against sound public policy to permit any beneficiary in a life insurance policy, who should feloniously take the life of the insured, to recover money due under the terms of the policy; and without discussing the question further, this court is perfectly satisfied with the rule as announced in those cases, and in so far as this court is concerned, nothing short of an express and unmistakable declaration in the Constitution or statutory law of this state, or a decision necessary upon the very point by the Supreme Court of this state, would cause us to subscribe to the doctrine that to permit a beneficiary in any character of insurance policy to recover life insurance money upon the contract itself, after having feloniously killed the insured with the intention and for the purpose of accelerating the due date of such policy and obtaining possession of such money, would not be against the public policy of this state, regardless of what the public policy of some other states may be, as declared by their courts.

It is the contention of appellees in this case that because article 1, section 21, of the Constitution of this state provides that "no conviction shall work forfeiture of estate," and because article 2465 of the Revised Statutes of this state provides, substantially, the same, it should be held by this court that the people of this state, both by their representatives in the constitutional convention and in the legislative halls, have declared the public policy of this state to be in favor of permitting such a beneficiary to recover upon the terms of the contract of insurance. We cannot accept the correctness of this contention by counsel. We therefore hold that if the right of Margurite Murchison to the proceeds of the policy in question depended upon the provisions of the policy itself, as a contract, then we would be compelled to hold, and without any reluctance whatever, that the trial court was in error in sustaining the general demurrer of either of the appellees.

[2-4] The second question, however, for determination, in legal contemplation is this: Assuming the truth of the allegation in plaintiffs' petition, to the effect that Margurite Murchison feloniously killed and murdered R. H. Murchison for the purpose of sooner obtaining the insurance money on his life, did that fact deprive her of the right as a surviving wife to take the proceeds of the policy after his death, as against the father, brothers, and sister of R. H. Murchison, the latter having left no child or children? This question necessitates a consideration of several articles of our statutes on the subject of descent and distribution:

Article 2465, Vernon's Statutes, provides:

"No conviction shall work corruption of blood or forfeiture of estate, nor shall there be any forfeiture by reason of death by casualty. * * *"

Article 2469 provides:

"Upon the dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor, if there be no child or children of the deceased or their descendants; but if there be a child or children of the deceased, or descendants of such child or children, then the survivor shall be entitled to one-half of said property, and the other half shall pass to such child or children, or their descendants. * * *"

Article 2462 provides:

"Where any person having title to any estate or inheritance, real, personal or mixed, shall die intestate as to such estate, and shall leave a surviving husband or wife, the estate of such intestate shall descend and pass as follows:

"1. If the deceased have a child or children, or their descendants, the surviving husband or wife, shall take one-third of the personal estate, and the balance of such personal estate shall go to the child or children of the deceased and their descendants. The surviving husband or wife shall also be entitled to an estate for life, in one-third of the land of the intestate, with remainder to the child or children of the intestate and their descendants.

"2. If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, and to one-half of the lands of the intestate, without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution: Provided, however, that if the deceased have neither surviving father nor mother, nor surviving brothers and sisters, or their descendants, then the surviving husband or wife shall be entitled to the whole of the estate of such intestate."

It is conceded by both parties to this appeal that the insurance company's liability on the policy in question would not be canceled because of the fact that Margurite Murchison, the beneficiary named in the policy in question, feloniously killed R. H. Murchison, the insured, and such is the law; and it is further conceded and is the law that the proceeds of the insurance policy in question is in the nature of personal property, or constitute personal property. Therefore, since R. H. Murchison died intestate, as disclosed by the petition, and since it is the law that the liability of the insurance company was not canceled, even if the beneficiary, Margurite Murchison, did murder the insured, R. H. Murchison, but since, as we hold, Margurite Murchison, by reason of her felonious act in taking the life of her husband, deprived herself of taking the proceeds of this policy as the beneficiary named therein, then the proceeds of this policy became payable, under the law, to the estate of R. H. Murchison. And since, by article 2462 above, in the absence of any child or children of R. H. Murchison, or their descendants, the whole of the personal estate of R. H. Murchison passed to his surviving wife, Margurite Murchison, she became entitled to the same under the statute itself to the exclusion of the appellants in this case.

It seems to be held by the courts in all the states that where a statute of descent and distribution is plain and unambiguous in prescribing how property shall descend and vest upon the death of its owner, such statute must be given effect by the courts, regardless of the fact that the death of the owner was intentionally caused by one to whom, under the statute, his property is made to descend and vest, and there can be no doubt that article 2462 is plain and positive, and leaves nothing for construction by the courts as to how property of a decedent shall descend and vest in this state; and while it is to be regretted that the Legislature of this state has never discovered, or

if it has, that it has failed to correct this great injustice, as it seems to us, still, in view of the plain provision of the statute quoted, and what seems to us to be an unbroken line of decisions by courts of last resort in other states on the question, we are constrained to hold that Margurite Murchison, even though she did feloniously take the life of her husband for the purpose of sooner collecting the insurance money upon his life, did not forfeit her right thereto, as cast upon her by the statutory law of this state. Hill v. Noland, 149 S. W. 288; Owens v. Owens, 100 N. C. 246, 6 S. E. 794; Carpenter's Estate, 170 Pa. 203, 32 Atl. 637, 29 L. R. A. 145, 50 Am. St. Rep. 765; Shellenberger v. Ransom, 41 Neb. 631, 59 N. W. 935, 25 L. R. A. 564; McAllister v. Fair, 72 Kan. 533, 84 Pac. 112, 3 L. R. A. (N. S.) 726, 115 Am. St. Rep. 233, 7 Ann. Cas. 973.

Having reached the conclusion that the appellee Margurite Murchison, upon the death of R. H. Murchison, became entitled to the whole of the personal estate left by him, to the exclusion of the appellants herein, it necessarily follows that there was no error on the part of the trial court in sustaining the general demurrer interposed by each of the appellees and its judgment is therefore affirmed.

KING, J., not sitting.