CHARLES HERBERT LONG V. STATE

No. 31,934. May 18, 1960

Motion for Rehearing Overruled October 5, 1960

Second Motion for Rehearing Overruled November 2, 1960

DAVIDSON, Judge, dissented

*Wardlaw, Cochran & Brown,* by *George E. Cochran,* and *Mackin & Goldsmith,* of Counsel: *Jack Mackin,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is under Art. 489c, V.A.P.C. for the unlawful possession of a pistol by a person who had been previously convicted of burglary; the punishment, 2 years in the penitentiary.

The indictment alleged that appellant, on or about the first

day of February, 1959, had in his possession away from the premises upon which he then resided, a pistol, he having been convicted on April 7, 1954, in cause No. 1949 in the 70th Judicial Court of Midland County, Texas, of burglary and served a term in the penitentiary under such sentence.

Briefly, the state's testimony shows that on the night of January 31, 1959, Airmen Royce Robinson and Joe Ogletree, who were stationed at Carswell Air Force base near the city of Fort Worth, in company with their wives went to the Stardust Lounge located on the outskirts of the city. After they arrived and before they had gone inside, four men came out of the lounge and got in an automobile parked nearby. As they got in the automobile a door was slammed against Ogletree's car and upon complaint from him the four men proceeded to get out of their automobile and engage the two airmen in a fight. In the fight which ensued, one of the men, whom the two airmen and their wives positively identified as the appellant, produced a pistol with which he proceeded to strike the two airmen on the head during the fight. The pistol in appellant's hand was described by the witnesses as one with a short barrel. It was shown that during the fight two shots were fired and that one of the appellant's companions also produced and exhibited a pistol. After the fighting ceased the four men left and later in the night the appellant and two of his companions Harry Kirk and Gene Hicks were arrested by the officers at the White Sands Supper Club. In a search of the automobile in which appellant and his companions were traveling, the officers found two snub nose pistols under the front seat which were introduced in evidence as State's Exhibits Nos. 7 and 8. The pistols were loaded and each contained an empty cartridge and were shown to have been recently fired. Both Airman Ogletree and his wife testified that the pistol which they observed in appellant's hand on the night in question resembled the pistol introduced in evidence as State's Exhibit No. 7.

In making proof of the appellant's prior alleged conviction for burglary the state introduced in evidence certified copies of the indictment, judgment and sentence in cause No. 1949, styled The State of Texas v. Charles Herbert Long on the docket of the 70th Judicial District Court of Midland County, Texas, which showed that on April 7, 1954, the defendant named therein was convicted of burglary and sentenced to 5 years in the penitentiary. Also introduced were certain authenticated prison records of Charles Herbert Long, No. 129729, including photographs and finger prints of the subject and copies of the judgment and sentence in cause No. 1949 on the docket of the 70th Judicial Dis-

trict Court of Midland County, Texas. Appellant was identified by Officer Gordon Smith as the person so convicted in the cause. It was also shown by the testimony of Deputy Sheriff Bob Doolen, identification officer for Tarrant County, that a comparison of appellant's known fingerprints with those in the prison records showed that they were the same.

Appellant did not testify but called as a witness his companion, Travis Kirk, who testified that it was he who produced the pistols during the fight and not the appellant. Kirk testified positively that appellant did not possess a gun on the night in question and his testimony was corroborated by that of Gene Hicks who was also called as a witness by appellant.

The jury chose to resolve the conflict in the testimony against the appellant and we find the evidence sufficient to sustain its verdict.

Appellant insists that the court erred in admitting the two pistols in evidence because it was not shown that they were ever in his possession. The only objection made by appellant to the introduction of the pistols in evidence was that they were obtained in a search made outside of his presence. The fact that the pistols were obtained in the search outside of appellant's presence would not render them inadmissible. The record shows that the pistols were obtained in a search of the automobile in which appellant and his companions were traveling. The automobile was shown to belong to appellant's companion Kirk. Appellant was in no position to complain of the search of the automobile which belonged to Kirk. Orosco v. State, 164 Tex. Cr. R. 257, 298 S. W. 2d 134. One of the pistols was identified by the witness, Janice Ogletree, as like the pistol in appellant's possession on the night in question and the other as like the pistol in possession of his companion Kirk. Under the record the court did not err in admitting the two pistols in evidence.

Appellant's complaint to the court's action in admitting testimony showing that the two pistols in question had been taken in a burglary is without merit as no objection was made by appellant to such testimony.

Appellant's remaining contention is that the court erred in refusing to grant a mistrial when state's counsel asked the witness, Tony Slaughter, if he were present when Travis Kirk and appellant "were taken into custody by the court in the presence of some of the state's witnesses."

Appellant's objection to the question, after the witness had answered in the negative, was by the court sustained and the jury instructed not to consider the same. The question propounded was not so prejudicial that its effect upon the jury could not be removed by the court's instruction and in view of the instruction and the witness' negative answer thereto the court's refusal to grant a mistrial does not present error.

The judgment is affirmed.

Opinion approved by the Court.

On appellants motion for rehearing.

I dissent for the reasons stated in the concurring opinion in Cause No. 31,726, Garcia v. State, 169 Tex. Cr. Rep. 487, 335 S.W. 2d 381. Davidson, Judge.

DAVIDSON, Judge, dissenting.

The majority of the court remain convinced that the appeal was properly disposed of on original submission and overrule

In the dissenting portion of my opinion in Garcia v. State, 335 S. W. 2d 381 (adopted as my dissenting opinion in the instant case on original submission), I pointed out the necessity for both allegation and proof of a conviction after the convict's discharge from the penitentiary, in order to constitute a violation of the statute under which this conviction was had (Art. 489c, Vernon's P. C.).

In addition to what I said in the Garcia case, I further dissent, here, because Art. 489c, Vernon's P. C., is unconstitutional and void in that it is violative of our Texas Constitution.

Art. 1, Sec. 21, of our Constitution reads as follows:

"Corruption of blood; forfeiture of estate; descent in case of suicide

"No conviction shall work corruption of blood, or forfeiture of estate, and the estates of those who destroy their own lives shall descend or vest as in the case of natural death."

The same provisions are contained in Sec. 41(d) of the Probate Code, Vernon's Civil Statutes, and in Art. 16, C.C.P.

I am impressed by the editorial comment found under the article in Vol. 1, Sec. 21, Vernon's Ann. Texas Constitution, wherein it is said:

"By the broad provisions of the Texas Constitution, corruption of blood or forfeiture of estate upon conviction or suicide is prohibited, and it is so explicit as to have precluded controversy in the courts on the subject."

Only two cases have been before the courts throughout the history of this state upon that subject. These are: Davis v. Laning, 85 Tex. 39, 19 S. W. 846; and American National Insurance Co. v. Coates, 112 Tex. 267, 246 S. W. 356, both civil cases: one by the Texas Supreme Court and the other by the Texas Commission to the Supreme Court. In each of those cases the constitutional provision was applied, and forfeiture of the convict's estate was expressly prohibited because of his conviction. In neither of those cases was a statute of the legislature involved.

So far as I have been able to ascertain, this is the first time the legislature, by statute and in open defiance of the Constitution of this state, has forfeited one's estate because he had been convicted of an offense.

An analysis of Art. 489c reflects that the statute is subject, upon its face, to the constitutional limitation.

Art. 489c, Vernon's P. C., relates and has reference only to the possession of a firearm capable of being concealed upon the person and includes all firearms having a barrel of less than twelve (12) inches in length. A pistol is expressly included by name. The statute is not a measure regulating the wearing or carrying of a pistol, as prohibited by other statutes of this state (Arts. 483-485, P. C.).

Here, the prohibited act—and therefore the unlawful act— is merely the possession by the convict of a pistol away from the premises upon which he lives.

In criminal law, possession is constituted by the care, control, and custody of the property, proof of which constitutes and establishes ownership thereof in one's possession. The right to

own a pistol carries the right to possess it. When the right to possess is destroyed, the right to own is destroyed also.

The statute comes squarely under the condemnation of the Constitution, because it deprives the convict of the right to own a pistol solely on account of his conviction of a felony. And this applies equally to the ownership of the pistol at the time of conviction, as well as subsequent thereto. If he owned a pistol when convicted, the ownership is forfeited by the conviction while the right to own is precluded thereafter, upon conviction.

It must be remembered that the right to own a pistol is not denied to the people, generally. The legislature passed a statute (Art. 489a, P. C.) which sought to prohibit the sale of a pistol to minors and convicts, but that statute was struck down by this court (Doucette v. State, 166 Tex. Cr. R. 596, 317 S. W. 2d 200).

But for his conviction the appellant in this case had the right to purchase and own a pistol. His conviction forfeited his ownership of a pistol owned at the time of conviction and deprived him of the right to own a pistol after conviction. Thus is the unconstitutionality of Art. 489c demonstrated, as it forfeits the right to own property solely because of a conviction for crime.

If the legislature may forfeit the right of a convict to own a pistol, by reason of that same power it can deny to him the right to own a home, a car, or property of any character—all because he was convicted of a felony and his estate and right of ownership thereby destroyed.

Attention is called to this further situation: Here, the forfeiture of the right to own or to possess a pistol is a part of the punishment inflicted for the offense originally committed. That punishment is and must be treated as being imposed for the act committed, and not for an act subsequently committed.

Art. 48, P. C., specifies the punishment that may be assessed for offenses committed under the criminal laws of this state, i. e., (1) death, (2) imprisonment in the penitentiary, (3) imprisonment in jail, (4) pecuniary fines, (5) forfeiture of civil or political rights, and (6) imprisonment in training schools and similar institutions.

Nowhere in that statute is the forfeiture of estate and deprivation of the right to own or to possess property authorized to be inflicted as punishment for a crime committed in this state.

Not only is such true of the laws of this state: I call attention to the fact that Art. 489c includes prior convictions for federal offenses as also convictions in all other states of the Union. So, for certain offenses committed beyond the jurisdiction and bounds of this state, this statute has fixed and applied punishment. Such, alone, ought to be and is sufficient to condemn as void Art. 489c, because the legislature has fixed a punishment for crime committed beyond its jurisdiction and in another jurisdiction.

I pass, now, to a consideration of the unconstitutionality of the statute (Art. 489c) under another provision of our Constitution, which is Article 1, Sec. 23, reading as follows:

"Right to keep and bear arms

"Every citizen shall have the right to keep and bear arms in the lawful defense [sic] of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime."

At one time in the history of this state, a part of the punishment affixed to the offense of unlawfully carrying a pistol was that the accused " * * * shall forfeit to the county the weapon or weapons so found on or about his person." Art. 6512k, Paschall's Digest.

In 1878, in the case of Jennings v. State, 5 Tex. App. 298, that law came before the Court of Appeals of this state for construction. In holding invalid that part of the statute forfeiting a pistol as a part of the punishment, that court said:

"We believe that portion of the act which provides that, in case of conviction, the defendant shall forfeit to the county the weapon or weapons so found on or about his person is not within the scope of legislative authority.

"The Legislature has the power by law to regulate the wearing of arms, with a view to prevent crime, but it has not the power by legislation to take a citizen's arms away from him. One of the most sacred rights is that of having arms for his own defence [sic] and that of the State. This right is one of the surest safeguards of liberty and self-preservation."

It is difficult for me to understand how it can be said that

such holding is not applicable or controlling, here. To my mind, it is exactly in point. That holding has never been overruled or criticized.

So, by two separate and distinct provisions of our Constitution, Art. 489c is unconstitutional and void.

But if it be said that such conclusion is not sound and that the statute is valid and not subject to the claimed constitutional invalidity, then it is void as being in violation of other provisions of our Constitution and the Constitution of the United States: The Constitution of this state (Art. 1, Sec. 3) and our Federal Constitution (4th and 14th Amendments) guarantee every citizen the equal protection of the laws and the protection of equal laws. Under those constitutional provisions, a state has no right to discriminate against persons within the same classification. The persons exempted from the provisions of Art. 489c render the article subject to those constitutional inhibitions.

Under that act, ex-convicts make up the class which the legislature creates and with which the statute is dealing. Guards, peace officers, and watchmen are expressly exempted from the statute.

It is apparent, therefore, that what the legislature did in the passage of 489c was to create a class, consisting of persons convicted of crime (ex-convicts). From that class certain ex-convicts are exempted and to them the statute does not apply. Legislation must be equal and uniform as to all persons within the class legislated upon.

Express discrimination within the class dealt with by the statute is therefore practiced, by the enactment of the statute.

In that connection it is material to point out that an ex-convict can suspend the statute, and the operation thereof to him, by getting a job as a policeman, or as a guard, or as a watchman. It is the vocation of the convict that establishes, therefore, the exemption and erases the inhibition which the statute creates by reason of the conviction. But the vocation of the convict is no part of the class with which the legislature is dealing, and a convict's vocation has nothing to do with his conviction or with the class with which the statute deals.

To my mind, it is apparent that the statute discriminates

against those persons within the same class—which discrimination is prohibited by our Constitution.

I am not unaware of the fact that it might be claimed that Art. 489c is one of expediency and was enacted to take and to keep the ownership and possession of a pistol from certain ex-convicts for a period of five years. I also am not unaware of the fact that the legislature of this state has neither the right nor the power, lawfully, to violate the express guarantees of our Constitution.

If the time has come in this state when a statute, clearly void because it was enacted in violation of the Constitution, is to be upheld for any reason as a valid law of this state and citizens are to be punished for a violation thereof, then our boast of a government by and under a Constitution no longer exists and government under our Constitution has bowed to and has been superseded by a government of men.

When the Constitution speaks, it is the supreme law and it ought to be obeyed. Neither the legislature nor the courts have the lawful right to disobey and refuse to follow its mandate.

Art. 489c is void, under the provisions of the Constitution mentioned.

This appellant's conviction under that statute denies to him the equal protection of law and due process of law under the Constitution of this state and that of the United States.

I respectfully dissent.