TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00087-CR







Carlos Benavides, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 95-730-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







 On October 16, 1995, a police officer stopped appellant Carlos Benavides, Jr., for a traffic
violation. The officer discovered over ten ounces of a substance containing cocaine in Benavides's car. 
Benavides was subsequently indicted for the offense of possession of over two-hundred, but less than four-hundred, grams of cocaine with the intent to deliver it. See Tex. Health & Safety Code Ann. § 481.112(a),
(e) (West Supp. 1998). Benavides pled guilty without the benefit of a plea bargain. The trial court ordered
a presentence investigative report be compiled.

 The court later conducted a sentencing hearing at which the court considered the
presentence investigative report as well as the testimony of several witnesses Benavides presented. The
report included statements to the effect that some of Benavides's family members and roommates were
drug dealers. Benavides's witnesses testified, on the other hand, that no family members were known to
sell drugs. The only testimony that substantiated the statements in the report came from Benavides himself. 
He testified that he suspected his brother and roommate dealt drugs while he lived with them and that his
brother might have a "drug problem."

 The punishment range for the offense at issue is ten to ninety-nine years in prison, and a fine
of up to $100,000. Tex. Health & Safety Code Ann. § 481.112(e). After the hearing, the court sentenced
Benavides to twenty-five years in prison. Benavides appeals the sentence in four points of error. He
contends that the trial court, by considering the evidence about his family, violated his (1) freedom of
association, (2) freedom of assembly, (3) right against "outlawry," and (4) right against "corruption of
blood." See U.S. Const. amend. I (freedom of association); Tex. Const. art. I, § 20 (outlawry), (1) § 21
(corruption of blood), (2) & § 27 (freedom of assembly). 

 Generally, to preserve a complaint for appellate review, a defendant must make a timely,
specific objection and obtain a ruling on it. Tex. R. App. P. 33.1; see also Mercado v. State, 718 S.W.2d
291, 296 (Tex. Crim. App. 1986). Benavides never objected at the sentencing hearing to the court's
admission or consideration of the evidence about his family's reputation. In fact, Benavides himself offered
evidence of his brother's involvement with drugs. Benavides cites no authority for the proposition that the
errors he alleges are fundamental or otherwise reviewable in the absence of a timely, specific objection. 
At first glance, Benavides's arguments appear to be of constitutional dimension. However, upon closer
examination, he essentially raises an evidentiary point by contending the trial court wrongfully admitted and
considered the evidence. We hold Benavides failed to preserve his error or establish another basis upon
which we might consider it. Accordingly, we overrule his four points of error and affirm the judgment of
conviction.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 23, 1998

Do Not Publish
1. Texas Constitution article I, section 20 reads in relevant part "no citizen shall be outlawed." Tex.
Const. art. I, § 20. Outlawry is the withdrawal by civil society of all legal rights and protection from one
of its offending members. Tex. Const. art. I, § 20, Interpretive Commentary; see Peeler v. Hughes &
Luce, 909 S.W.2d 494, 499 (Tex. 1995).
2. Texas Constitution article 1, section 21 reads in relevant part "No conviction shall work corruption
of blood, or forfeiture of estate. . . ." Tex. Const. art. I, § 21. This provision prohibits a conviction from
cutting off a defendant's right to inherit or transmit his or her estate. Tex. Const. art. I, § 21, Interpretive
Commentary; see Davis v. Laning, 85 Tex. 39, 19 S.W. 846 (1892).



>, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 95-730-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







 On October 16, 1995, a police officer stopped appellant Carlos Benavides, Jr., for a traffic
violation. The officer discovered over ten ounces of a substance containing cocaine in Benavides's car. 
Benavides was subsequently indicted for the offense of possession of over two-hundred, but less than four-hundred, grams of cocaine with the intent to deliver it. See Tex. Health & Safety Code Ann. § 481.112(a),
(e) (West Supp. 1998). Benavides pled guilty without the benefit of a plea bargain. The trial court ordered
a presentence investigative report be compiled.

 The court later conducted a sentencing hearing at which the court considered the
presentence investigative report as well as the testimony of several witnesses Benavides presented. The
report included statements to the effect that some of Benavides's family members and roommates were
drug dealers. Benavides's witnesses testified, on the other hand, that no family members were known to
sell drugs. The only testimony that substantiated the statements in the report came from Benavides himself. 
He testified that he suspected his brother and roommate dealt drugs while he lived with them and that his
brother might have a "drug problem."

 The punishment range for the offense at issue is ten to ninety-nine years in prison, and a fine
of up to $100,000. Tex. Health & Safety Code Ann. § 481.112(e). After the hearing, the court sentenced
Benavides to twenty-five years in prison. Benavides appeals the sentence in four points of error. He
contends that the trial court, by considering the evidence about his family, violated his (1) freedom of
association, (2) freedom of assembly, (3) right against "outlawry," and (4) right against "corruption of
blood." See U.S. Const. amend. I (freedom of association); Tex. Const. art. I, § 20 (outlawry), (1) § 21
(corruption of blood), (2) & § 27 (freedom of assembly). 

 Generally, to preserve a complaint for appellate review, a defendant must make a timely,
specific objection and obtain a ruling on it. Tex. R. App. P. 33.1; see also Mercado v. State, 718 S.W.2d
291, 296 (Tex. Crim. App. 1986). Benavides never objected at the sentencing hearing to the court's
admission or consideration of the evidence about his family's reputation. In fact, Benavides himself offered
evidence of his brother's involvement with drugs. Benavides cites no authority for the proposition that the
errors he alleges are fundamental or otherwise reviewable in the absence of a timely, specific objection. 
At first glance, Benavides's arguments appear to be of constitutional dimension. However, upon closer
examination, he essentially raises an evidentiary point by contending the trial court wrongfully admitted and
considered the evidence. We hold Benavides failed to preserve his error or establish another basis upon
which we might consider it. Accordingly, we overrule his four points of error and affirm the judgment of
conviction.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 23, 1998

Do Not Publish
1. Texas Constitution article I, section 20 reads in relevant part "no citizen shall be outlawed." Tex.
Const. art. I, § 20. Outlawry is the withdrawal by civil society of all legal rights and protection from one
of it