ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 30, 2008

The Honorable Rick Perry                      Opinion No. GA-0632
Governor of Texas
Post Office Box 12428                          Re: Constitutionality of section 41(e)(3) of the
Austin, Texas 78711-2428                       Probate Code, which permits a probate court to
                                               declare that a parent may not inherit from his own
                                               child if the parent has been convicted of one of
                                               several crimes against a child  (RQ-0649-GA)

Dear Governor Perry:

You ask about an enactment by the Eightieth Legislature providing that a probate court may declare that a parent may not inherit from his own child if the parent "has been convicted or has been placed on community supervision . . . for being criminally responsible for the death or serious injury" of a child under certain provisions of the Penal Code.[1] In your request letter, you state the following:

> The Governor permitted [House Bill 568][2] to become law without his signature on June 15, 2007; however, the Governor stated at the time that Section 41(e)(3) may pose a constitutional question because it appears to prevent inheritance based on a prior bad act. The constitutional question arises from Article I, Section 21, of the Texas Constitution, which states in part that "[n]o conviction shall work corruption of blood, or *forfeiture of estate* . . . ."

Request Letter, *supra* note 1, at 1 (footnote added). Thus, you ask whether "Section 41(e)(3) of the Probate Code, as amended by HB 568, [is] in conflict with Article I, Section 21, of the Texas Constitution."[3] *Id.* Section 41(e)(3) of the Probate Code provides, in relevant part:

---

[1]*See* Letter from Brian C. Newby, Chief of Staff, Office of the Governor, to Honorable Greg Abbott, Attorney General of Texas (Nov. 26, 2007) (on file with the Opinion Committee, *also available at* http://www .texasattorneygeneral.gov) [hereinafter Request Letter].

[2]Act of May 27, 2007, 80th Leg., R.S., ch. 1412, § 2, 2007 Tex. Gen. Laws 4855, 4856.

[3]You indicate that section 41(e)(3) of the Probate Code, which contains this provision, "does not qualify the term 'child' to limit it to mean only a child born of (or adopted by) a parent subject to this section." Request Letter, *supra* note 1, at 1. Thus, you contend that the statute "raises the possibility that a person may be disinherited by a court

(continued...)

A probate court may declare that a parent of a child under 18 years of age may not inherit from or through the child under the laws of descent and distribution if the court finds by clear and convincing evidence that the parent has:

. . . .

(3) been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child . . . that would constitute a violation of one or more of the following sections of the Penal Code:

(A) Section 19.02 (murder);

(B) Section 19.03 (capital murder);

(C) Section 19.04 (manslaughter);

(D) Section 21.11 (indecency with a child);

(E) Section 22.01 (assault);

(F) Section 22.011 (sexual assault);

(G) Section 22.02 (aggravated assault);

(H) Section 22.021 (aggravated sexual assault);

(I) Section 22.04 (injury to a child, elderly individual, or disabled individual);

(J) Section 22.041 (abandoning or endangering child);

(K) Section 25.02 (prohibited sexual conduct);

(L) Section 43.25 (sexual performance by a child); or

(M) Section 43.26 (possession or promotion of child pornography).

TEX. PROB. CODE ANN. § 41(e)(3) (Vernon Supp. 2007).

---

[3](...continued)
for committing a crime against any child, not just a child related to that person." *Id.* We will base our answer on an analysis of article I, section 21 of the Texas Constitution and need not address this issue.

## I.     Historical Background

The concept of "corruption of blood" and "forfeiture of estate" emanate from the English common-law doctrine of "attainder." As the United States Supreme Court has observed, attainder is "'the stain or corruption of the blood of a criminally capitally condemned; the immediate inseparable consequence of the common law on the pronouncing the sentence of death.' The effect of this corruption of the blood was that the party attainted lost all inheritable quality, and could neither receive nor transmit any property or other rights by inheritance." *Ex parte Garland*, 71 U.S. 333, 387 (1866). The Court has further explained that "[t]he attainder of death was usually accompanied by a forfeiture of the condemned person's property to the King and the corruption of his blood, whereby his heirs were denied the right to inherit his estate." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 475 (1977); *see also Austin v. United States*, 509 U.S. 602, 611–12 (1993) ("[C]ommon-law forfeiture fell only upon those convicted of a felony or of treason. 'The convicted felon forfeited his chattels to the Crown and his lands escheated to his lord; the convicted traitor forfeited all of his property, real and personal, to the Crown.'"); *Hedrick v. Marshall*, 282 S.W. 289, 291 (Tex. Civ. App.—Dallas 1926, no writ) ("By the ancient common law, when sentence was pronounced for treason or other felony, the offender was by operation of law placed in a state of attainder. And there were three principal incidents consequent on such attainder, to wit, forfeiture, corruption of blood, and an extinction of civil rights, more or less complete, which was denominated 'civil death.'"). *Id.*

## II.     State of Texas Law

Article I, section 21 of the Texas Constitution expressly declares in part that "[n]o conviction shall work corruption of blood, or forfeiture of estate."[4] TEX. CONST. art. I, § 21. In an early case, the Texas Supreme Court rejected the related concept of civil death on the basis of various constitutional provisions, including article I, section 21. The court explained that "[a]ttainders, outlawry, deprivation of property except by due process of law, *and the corruption of blood or forfeiture of estate, as a result of conviction of crime*, are expressly prohibited by the organic law." *Davis v. Laning*, 19 S.W. 846, 846 (Tex. 1892) (emphasis added). The court continued:

> Section 21 declares that "no conviction shall work a corruption of
> blood or forfeiture of estate . . . ." This provision is invoked by the

---

[4]Virtually identical language is found in section 41(d) of the Texas Probate Code, which provides, in relevant part:

> (d) No conviction shall work corruption of blood or forfeiture of estate, except in the case of a beneficiary of a life insurance policy or contract who is convicted and sentenced as a principal or accomplice in wilfully bringing about the death of the insured . . . .

TEX. PROB. CODE ANN. § 41(d) (Vernon Supp. 2007). The exception in section 41(d), known as the "Slayer's Rule," is briefly discussed *infra*.

plaintiffs in error, but it aids their case no further than a declaration *that a convict may either inherit himself or transmit inheritance.*

*Id.* (emphasis added).

A recent Texas intermediate appellate decision has declared that the "Texas Supreme Court has interpreted [article I, section 21] to mean that unlike in England where a convict is deemed civilly dead and cannot inherit, Texas preserves the inheritance of a convicted felon from forfeiture through corruption of blood." *In re B.S.W.*, 87 S.W.3d 766, 770 (Tex. App.—Texarkana 2002, pet. denied), citing *Davis*, 19 S.W. at 847. The Interpretative Commentary to article I, section 21 moreover states that "[a]t ancient common law, when a person was convicted of a capital offense, he was placed in a state of attainder, and, as incident thereto, the blood of the attained person was corrupted so that he could not inherit from his ancestors, nor transmit his estate to his heirs, and his estate was forfeited to the king." TEX. CONST. art. I, § 21 interp. commentary (Vernon 2007). The general rule in Texas is that the denial of a person's right to inherit or to transmit his property violates article I, section 21.

There is a judicially-created doctrine that may be viewed as a corollary or exception to the prohibition in article I, section 21, the doctrine that "no conviction shall work a corruption of blood or forfeiture of estate." In 1918, a Texas court of civil appeals pronounced what has since become known as the "Slayer's Rule."[5] In *Murchison v. Murchison*, 203 S.W. 423 (Tex. Civ. App.—Beaumont 1918, no writ), the court, relying on an early decision from the United States Supreme Court, quoted the following from that case: "It would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of a party whose life he had feloniously taken. As well might he recover insurance money upon a building that he had willfully fired." *Id.* at 425, quoting *New York Mut. Life Ins. Co. v. Armstrong*, 117 U.S. 591, 600 (1886). *Murchison* was subsequently affirmed by the Texas Supreme Court in *Greer v. Franklin Life Insurance Co.*, 221 S.W.2d 857, 859 (Tex. 1949). And the Texas Probate Code now incorporates the Slayer's Rule with respect to insurance proceeds. TEX. PROB. CODE ANN. § 41(d) (Vernon Supp. 2007) (proceeds of life insurance policy may not be paid to beneficiary who is convicted of wilfully causing death of insured); *see also* TEX. INS. CODE ANN. § 1031.151 (Vernon 2007) (same). The Slayer's Rule is implicated by your question only to the extent that section 41(e)(3) of the Probate Code may deny the inheritance from a child to an individual who has been convicted of murder or capital murder of that child, i.e., a violation of Penal Code sections 19.02 (murder) or 19.03 (capital murder).

The common-law remedy of constructive trust also mitigates the results that otherwise might occur in extreme cases from a strict application of article I, section 21. The Texas Supreme Court has declared that "the law will impose a constructive trust upon the property of a deceased which passed either by inheritance or by will if the beneficiary wilfully and wrongfully caused the death of the deceased." *Bounds v. Caudle*, 560 S.W.2d 925, 928 (Tex. 1977). *See also Medford v.*

---

[5]When we allude to the Slayer's Rules, we limit its meaning to insurance proceeds as referenced in section 41(d) of the Probate Code. TEX. PROB. CODE ANN. § 41(d) (Vernon Supp. 2007).

*Medford*, 68 S.W.3d 242, 248–49 (Tex. App.—Fort Worth 2002, no pet.) ("When the legal title to property has been obtained through means that render it unconscionable for the holder of legal title to retain the beneficial interest, equity imposes a constructive trust on the property in favor of the one who is equitably entitled to the same."), citing *Fitz-Gerald v. Hull*, 237 S.W.2d 256, 262–63 (Tex. 1951). In other words, a constructive trust leaves intact a convicted individual's right to inherit legal title to property while denying the individual the beneficial interest. Viewed in such a light, the imposition of a constructive trust, when equity demands it, does not violate article I, section 21 of the constitution. *See Greer*, 221 S.W.2d at 859.

More recently, Texas courts have declined to expand the constructive trust doctrine. In a 1966 case, a court of civil appeals held that a parent's contributory negligence in failing to keep a proper lookout for the safety of her child did not bar the parent's recovery of damages for funeral and burial expenses and for pain and mental anguish in a suit brought in behalf of the deceased child. *Mitchell v. Akers*, 401 S.W.2d 907, 910 (Tex. Civ. App.—Dallas 1966, writ ref'd n.r.e.). The court concluded that

> the constructive trust doctrine should not be applied in a case coming within the provisions of Subsection (d) of Article 41 of the Probate Code . . . , which says that there shall be no forfeiture by reason of death by casualty. To hold otherwise would be to say that the Legislature intended in effect to disinherit an unfortunate heir, innocent of intent to kill, whose contributory negligence has been found to be a proximate cause of the death of a person toward whom he occupied the status of an heir.

*Mitchell*, 401 S.W.2d at 911.[6] Thus, there are only two judicially-created limits to the literal language of article I, section 21: the Slayer's Rule and the constructive trust doctrine.

## III.    Analysis

We now turn to the issue of the constitutionality of section 41(e)(3) under article I, section 21 of the Texas Constitution, as construed by the Texas courts. "Presuming that the language of the Texas Constitution is carefully selected, we construe its words as they are generally understood." *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000), quoting *City of Beaumont v. Bouillon*, 896 S.W.2d 143, 148 (Tex. 1995).

When interpreting our state constitution, courts "rely heavily on its literal text and must give effect to its plain language" and "strive to give constitutional provisions the effect their makers and adopters intended." *Stringer v. Cendant Mortgage Corp.*, 23 S.W.3d 353, 355 (Tex. 2000). The plain language of article I, section 21 requires that "*no conviction shall work corruption of blood or forfeiture of estate.*" TEX. CONST. art. I, § 21 (emphasis added). The language about which you

---

[6]The relevant portion of the Probate Code declares that "there [shall not] be any forfeiture by reason of death by casualty." TEX. PROB. CODE ANN. § 41(d) (Vernon Supp. 2007).

inquire, added to the Probate Code as section 41(e)(3) by the most recent session of the Legislature, permits a probate court to bar the inheritance from a person's child if that person has been convicted, placed on community supervision, including deferred adjudication community supervision, for "being criminally responsible for the death or serious injury" of a child under any one of thirteen provisions of the Penal Code, including assault under section 22.01. *See* TEX. PROB. CODE ANN. § 41(e)(3) (Vernon Supp. 2007). To the extent that this provision authorizes a probate court to bar a person's inheritance from his child under circumstances within the Slayer's Rule or the constructive trust doctrine, it is consistent with Texas Constitution article I, section 21 as construed by the Texas courts. In our opinion, however, the courts would probably find Probate Code section 41(e)(3) violative of article I, section 21 when applied to bar a wrongdoer's inheritance under circumstances not within either of these two doctrines. *See id.*

It is possible that the Texas Supreme Court could find the provisions of section 41(e)(3) of the Probate Code to be constitutional, by broadening either the Slayer's Rule or the constructive trust doctrine. But this office may not do so. *Cf. Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 562 (Tex. App.—Tyler 2007, pet. denied) ("it is not within the judicial province to indulge in acts of legislation").

## S U M M A R Y

Article I, section 21 of the Texas Constitution provides that "no conviction shall work corruption of blood or forfeiture of estate," which means that a person may not be denied the right to inherit on the basis of a criminal conviction. Texas courts have found limits to that provision in the Slayer's Rule and the constructive trust doctrine, which prevent a convicted murderer from receiving life insurance proceeds or inheriting property from the murder victim.

Absent the Texas Supreme Court's expansion of these two exceptions, a court would likely find that Probate Code section 41(e)(3) contravenes article I, section 21 of the Texas Constitution when applied to bar a person's inheritance from his own child under circumstances not within either the Slayer's Rule or the constructive trust doctrine.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee